Judson
v.
Rossie Galena
Company.

JUDSON and others *vs.* THE ROSSIE GALENA COMPANY and others.

A creditor of a corporation whose execution has been returned unsatisfied can proceed by bill, as well as by petition, under the article of the revised statutes relative to proceedings against corporations in equity, to obtain a sequestration of the effects of the corporation.

Stockholders of the Rossie Galena Company are only liable for such debts of the company as were contracted while they were such stockholders. And creditors of the company, whose debts have been contracted by such company at different periods of time, having no common interest in the individual liability of different stockholders, cannot litigate their claims against such stockholders in a single suit.

The manner in which creditors of a corporation are to make themselves parties to a suit commenced against the corporation to wind up its affairs, must be substantially the same as that in which creditors of a deceased individual make themselves parties to a suit for the settlement of his debts and credits, by coming in before a master, under a decree, and proving their debts.

Each stockholder of the Rossie Galena Company being individually liable for the whole amount of each debt contracted while they were stockholders respectively, they are not entitled to an injunction to restrain the prosecution of suits against them, and to compel the creditors to come in and prove their debts under the decree in the first suit.

May 17.   THIS was an application by E. A. Bancker, a stockholder of the Rossie Galena Company, and one of the defendants in this suit, for an order and injunction to restrain certain creditors of the corporation, whose executions against the property of such corporation had been returned unsatisfied, from proceeding at law against the petitioner for the recovery of their respective debts. The company was incorporated in 1837, for the purpose of raising and smelting lead ore, or galena, at Rossie in the county of St. Lawrence, for the term of ten years. By the provisions of the charter the stockholders of the company were made jointly and severally liable for the payment of all debts or demands contracted by the corporation, or by its authorized agents. And any person having a demand against the corporation, after having exhausted his remedy against the property and effects of the corporation by the return of an

execution unsatisfied, or upon the dissolution of such corporation, was authorized to sue any stockholder, or director, in any court having cognizance thereof, and to recover the same with costs.    The petition stated that the original bill in this cause was filed by the complainants as judgment creditors of the corporation, who had exhausted their remedy at law by the return of an execution unsatisfied, in August, 1841, under the provisions of the article of the revised statutes relative to proceedings against corporations in equity, in behalf of the complainants and such other creditors as should come in and make themselves parties to the suit ; for the purpose of obtaining satisfaction of their debts out of the effects of such corporation, and, in case of a deficiency thereof, from the stockholders, who were personally liable therefor by the act of incorporation ; that a receiver of the effects of the corporation had been appointed in that suit ; and that the supplemental bill in this cause was afterwards filed by the complainants, for the purpose of making all the stockholders of the corporation parties, and praying for a decree against them personally ; the complainants alleging therein that the corporation property and effects were insufficient to satisfy their demand, and that the debts of the corporation amounted to about $30,000.

The petitioner further stated that in March, 1838, he became the owner of forty-five shares of the stock of the corporation, and of five other shares in September of the same year, which he had ever since continued to hold ; that he had been sued at law by ten different judgment creditors of the corporation, whose executions against the corporate property had been returned unsatisfied, seven of whom had obtained verdicts against him, and the suits of the others were at issue, but remained untried ; and that the plaintiffs in another judgment against the corporation had filed a bill before the vice chancellor of the first circuit, against the petitioner and two other stockholders, to obtain satisfaction of that judgment.

*R. W. Peckham,* for the petitioner.

*J. Rhoades,* for S. W. & S. S. Keyes.

*D. Burwell,* for Corning & Horner.

*J. V. L. Pruyn,* for Bailey & Storms.

*J. G. Hopkins,* for Rossell, Benedict & Co., Blake, Searle, & C. G. & W. G. Harger.

*G. Bowman,* for Freeland, Hoffman and Stuart the complainants in the suit pending before the vice chancellor of the first circuit.

The Chancellor. The language of the 56th section of the article of the revised statutes relative to proceedings against corporations in equity, (2 *R. S.* 466,) is undoubtedly broad enough to reach this case. For the original bill appears to have been filed, under that article of the revised statutes, to reach the corporate property which the complainants had not been able to obtain upon their execution. It is true, the 36th section appears to contemplate a proceeding by petition, for a sequestration of the corporate property and effects, and for the appointment of a receiver. But I see no objection to an application to the court in the form of a bill ; and that appears to be the more appropriate course where it is intended also to charge the stockholders or directors of the corporation personally with any of its corporate debts and liabilities.

It is difficult to say precisely what proceedings were contemplated by the framers of the 56th section, to enable the creditors of a corporation to make themselves parties to a suit before there had been a decree for the benefit of all the creditors. In the note to that section, the revisers say it is in conformity to the practice in the similar case of executors, except that in those cases proceedings at law cannot be stayed until after a decree. In the case of exec-

utors and other trustees, where the creditors have claims upon a common fund for the payment of all rateably, or according to a specified order of priorities, the court directs a reference to a master to take proof of the claims of all the creditors, and directs notices to be published, requiring all the creditors to come in before such master and prove their claims. And those creditors who were not parties to the suit originally make themselves parties thereto, by going before the master on the reference and proving their debts under the decree. The court adopted a similar mode of proceeding to ascertain the claims against an insolvent corporation, in the case of *The City Bank of Buffalo*, after a final order for an injunction and receiver had been made ; which order is in the nature of a decree for the benefit of all the creditors, so far as relates to the corporate property and effects.

The only other way in which a creditor can make himself a party to a suit is by the filing of a supplemental bill, and making the previous parties to the suit defendants in such bill. It could not, however, have been the intention of the legislature to require each creditor of an insolvent corporation to file a supplemental bill, against its directors and stockholders, or be forever barred from having any claim against them or against the corporate fund. And as each creditor of the corporation has the right to contest the validity of the claims of others, it would be improper to compel them all to join in one bill, which might deprive them of that right. Besides, the joining of all the creditors in the same suit, and carrying on a litigation in their joint names would, in nine cases out of ten, be found wholly impracticable. It would, therefore, be unreasonable to give such a construction to this 56th section as to make it imperative upon the court to grant such an order and injunction as is contemplated by that section, previous to a decree, except in those cases where the debts of all the creditors can be effectually provided for out of a common fund under the control of the court. The object of the statute unquestionably was to save useless costs ; and

it would be contrary to its spirit and intent to grant an injunction which would necessarily have the effect of increasing litigation.

By adverting to the revisers' note to the 50th section of the article of the revised statutes before referred to, and to the sections which immediately preceded the 50th, it will be seen that the principal object of those sections was to carry out the provisions of the title relative to monied corporations, which rendered the directors jointly liable to the creditors and stockholders, for losses occasioned by breaches of duty ; and which rendered the stockholders liable to the creditors, in cases of fraudulent insolvencies, to the extent of their stock, where there was a deficiency in the effects of the corporation which could not be charged upon or collected from the directors who were responsible for the fraud. In such cases no one of the creditors could collect the whole of his debt from those who were liable to all the creditors collectively to a limited amount. The proceedings to compel a rateable contribution to the amount of their several debts, must, therefore, be analogous to the proceedings against the estate of an insolvent testator, or intestate, in the hands of his personal representative ; not only in relation to the corporate effects but also as to the limited liabilities of the directors and stockholders. Bt,i n the case under consideration, the statute makes each stockholder of the company personally liable to every creditor for the full amount of his debt, without reference to the amount of stock held by the stockholders respectively ; and authorizes separate suits to be commenced against such stockholders, either jointly or severally, in any court having cognizance of the case. (*Laws of* 1837, *p.* 446, § 9.) Before any suit, however, can be commenced against a stockholder of the company, the creditor must have proceeded to judgment against the corporation and have had an execution upon such judgment returned unsatisfied ; except in cases where the corporation has been dissolved. The remedy given by the charter of this company is therefore inconsistent with the granting of an injunction, upon

the filing of a bill by one of the creditors only, restraining all the other creditors from proceeding at law against any of the defendants in that suit. For if the other creditors were not allowed to proceed to judgment at law against the corporation, and obtain a return of their executions unsatisfied, they could not be made parties to the bill in chancery so as to render the stockholders personally liable to them.

In the recent case of *Moss* v. *Oakley*, (2 *Hill's N. Y. Rep.* 265,) which arose under the act incorporating the Rossie Lead Mining Company, and which is similar in its provisions, the supreme court has decided that those who were stockholders at the time the debt was contracted were alone liable for the payment thereof, and not those who became stockholders afterwards. So far, therefore, as the individual liability of the stockholders is concerned the creditors of the corporation, whose debts were contracted at different times, have no common interest ; and their claims will not necessarily be against the same persons as stockholders. It would for that reason be wholly impracticable for them to litigate their claims in one suit. For no creditor would have the right to file a bill and make all who were or ever had been stockholders of the company defendants therein, when some of such defendants might not have been stockholders at the time the debt was contracted. I am satisfied therefore that this case, although within the letter of the 56th section of the article of the revised *statutes* relative to proceedings against corporations in equity, is not within the intention of the legislature which adopted that section ; and that this court is not authorized, upon a summary application, either before or after decree in this suit, to restrain all proceedings at law against the defendants therein, or any of them, by creditors of the corporation who are not parties to the bill or supplemental bill.

Those stockholders who are compelled to pay more than their rateable proportions of the debts contracted while they were stockholders, will undoubtedly have a claim for contribution against other stockholders who are liable for the

same debts and who pay less than their shares. But if there has been frequent changes of the stockholders, as in the case of ordinary joint stock corporations, the expense of the litigation to ascertain who are bound to contribute, and the amount for which each stockholder is liable, must of itself be very great. It would be still more expensive, however, for all the creditors to be compelled to come into this court and to litigate their claims with each stockholder here, after having exhausted their remedies at law against the corporate property ; and that expense would in the end fall upon those stockholders who are solvent. I do not therefore see any benefit which the petitioner would derive from such a course, even if the court had the power to grant his application.

The petition must be dismissed with costs to such of the creditors as appeared to oppose the application ; which costs are fixed at seven dollars for the plaintiffs in each suit, at law or in equity, whose counsel appeared in opposition to the prayer of the petition.