Bosworth, J.
This action is brought to obtain a decree dissolving the corporation. A receiver is prayed for to wind up the affairs, and take the control of its assets; and also an injunction to restrain the defendant, and its officers, from interfering with the property. A motion is now made for the appointment of a receiver.
The motion is irregular. When the order to show cause was served, no action had been commenced. The summons was not served until the return day of the order. This is clearly irregular, and the objection having been taken preliminarily, it is an answer to this motion.
Whether this court has jurisdiction of such an action, it is unnecessary to decide on this motion.
Prior to the new constitution, the jurisdiction was vested in the Court of Chancery. (2 E. S. 462.)
The act of 1847 (Vol. i., p. 323, Laws of 1847) § 16, devolved it upon the Supreme Court.
If this court has jurisdiction, it acquires it under § 33 of the Code, sub 3.
The corporation is created under the laws of this state; is located, and transacts its business, in the city of New York.
The proceeding is, perhaps, one coming within the definition of an action. (Code, § 2.)
Whether § 471 has the effect to continue the jurisdiction exclusively in the Supreme Court, and only conforms the proceed *633 ings to be had there to those prescribed by the Code, it is unnecessary to determine on this motion.
E. Sandford, for plaintiff.
H. E. Mather, for defendants.
If this court has jurisdiction, then the mayor’s courts of cities, and the recorder’s courts of cities, also have it with respect to moneyed corporations, created under the laws of this state, and transacting their business in the cities where such courts are organized.
I think it clear that the Code has not given this court authority to exercise any of the visitatorial powers over moneyed corporations, which were vested in the Court of Chancery by art. 2, of title 4, of chap. 8 of 2 R. S., p. 462.
If it has not, the doubt is not weakened, whether it has given ,to this court jurisdiction of any of the proceedings regulated by that article.
Perhaps sub. 3 of § 33 of the Code only relates to actions to recover a debt or damages, or such equitable relief as one natural person may claim of another,
No case is made authorizing any court to proceed under § 38 of 2 R. S. 463. Whether a case is made under § 39, will be one of the questions to be determined, if the motion is renewed.
The motion is denied, with $10 costs, but without prejudice to plaintiff’s right to renew it, if so advised.
Approved on consultation.