# YOUNG a. THE NEW YORK AND LIVERPOOL STEAMSHIP COMPANY.

*Supreme Court, First District; Special Term, March,* 1860.

PLEADING.—COMPLAINT TO CHARGE STOCKHOLDERS OF CORPORATION.

In an act to charge stockholders personally with debts of their corporation, under a charter which provides that the stockholders shall be liable, etc., until the amount of capital stock has been paid in, the complaint must show that defendants were stockholders during the time the debts sued on were incurred.*

Judgment-creditors of the corporation are not proper parties defendant in such an action, without showing why they were not made parties plaintiff.

Demurrer to the complaint.

HOGEBOOM, J.—This suit is brought by the plaintiffs, as judgment-creditors of a corporation styled the New York and Liverpool United States Mail Steamship Company, to obtain satisfaction of their judgment out of the individual property of certain stockholders of said company, who are made parties defendant therein. Other judgment-creditors of the Steamship Company are also made parties defendant, as well as the corporation itself. Certain of the defendants, who are alleged stockholders in the corporation, demur to the bill on various grounds, but principally upon the ground that the facts stated in the complaint do not constitute a cause of action. One of the judgment-creditors, to wit, the New York Balance Dock Company, also demurs to the complaint for the same reasons, and also because it should not have been made a party defendant, but if brought into the suit at all, should have been introduced as a party plaintiff. The action is commenced, as stated in the complaint, in behalf of the plaintiffs and such creditors of the Steamship Company as might choose to participate therein.

The action is understood to have been instituted under the provisions of the act of the Legislature of New York passed

---

* Compare Quarry Company a. Bliss, *Ante,* 211.

April 11th, 1849, incorporating the New York and Liverpool United States Mail Steamship Company, and particularly under the provisions of the 11th section thereof, by which it is declared, that "the stockholders of said corporation shall be severally individually liable to the creditors of said corporation to an amount equal to the amount of stock held by them respectively for all debts and contracts made by said corporation, until the amount of capital stock of said corporation shall have been paid in, and a certificate thereof shall have been made and recorded, as prescribed in the following section." The allegations in the complaint are probably sufficient to show that the whole amount of the capital stock has not been paid in, and a certificate thereof has not been made and recorded, as required by the act.

But the complaint fails to show that the persons sued as stockholders, and attempted to be made individually liable to the creditors of the corporation, were such stockholders at the time the plaintiff's debt was contracted, and this, I think, is necessary to be done. It can scarcely be deemed to have been within the intention of the Legislature that this severe liability, unusual to members of a corporation, should be incurred, except by those who were members of the company during the time that the debts occurred, and over which debts, and the contracting thereof, they may be presumed to have had some control through their agents, the directors of the corporation. At any rate, such I understand to have been the practical construction of a similar provision in the charter of the Rossie Galena Company, in the case of Judson a. R. G. Co. (9 *Paige*, 598; Moss a. Oakley, 2 *Hill*, 265; Adderley a. Storm, 6 *Hill*, 625.) I must, therefore, regard the point as settled upon authority.

The allegations of the complaint on this subject are, that the plaintiff's debt arose during the years 1856 and 1857; that the said corporation did business in New York in the years 1856, 1857, and 1858; that some time in 1858 it discontinued its business; that all its property was sold, and that the said corporation suspended business, owing sundry debts which still remain unpaid; and "that when the said corporation suspended business, in the year 1858, the stockholders in said corporation consisted of the following persons" (naming them). I regard these allegations as insufficient upon their face to show, either expressly or presumptively, that the defendants were stockhold-

ers during the time the plaintiffs' debt was contracted, was accruing, or had matured, which is expressly averred to be during the years 1856 and 1857.

The defendants further claim, under the peculiar phraseology of this act, that the stockholders shall be "*severally* individually liable," that it is virtually a legislative declaration, that they shall not be prosecuted *jointly*, as in the present instance.

The 13th section of the act provides that the personal liability of the stockholders shall not attach unless the debt be payable within one year from the time it is contracted, and be prosecuted against the corporation within one year after it shall have become due. And the defendants further insist, inasmuch as the complaint does not expressly show *when* the debt *matured*, and only that it was owing, due, and payable on the 1st of November, 1857, and was prosecuted on the 10th of February, 1858; that it may have *become due* more than a year prior to the last-mentioned date, and that, therefore, the plaintiffs do not show themselves in a situation to enforce the personal-liability provisions of the charter.

Some other objections were taken by the defendants, who are sued as stockholders, to the sufficiency of the complaint, but I have not thought it necessary to pass upon them decisively, being of opinion that the point first considered presents a fatal objection to the complaint in its present shape. Nor have I thought it necessary to consider at length whether the action was maintainable under the provisions of the Revised Statutes, entitled "Of proceedings against Corporations in Equity" (2 *Rev. Stat.*, 461,) as it is evident that this action is framed upon the theory of enforcing the personal liability of the stockholders under the charter, and not upon the theory of dissolving the corporation, or sequestrating its property for the payment of defendants' debts. And this I understand to be conceded by the plaintiffs.

The New York Balance Dock Company is made a party defendant as one of the judgment-creditors of the corporation, and takes the additional objection to the complaint that it shows no cause of action against that company, and no reason for making it a defendant.

The plaintiffs allege in their complaint that they cannot state what amount is due upon the judgments against the corporation, or which of them embrace claims against the stockholders per-

sonally, but are informed and believed that some of them em brace such claims, and pray that an account may be taken of all the debts which are entitled to be enforced against the stockholders personally, and that until such account be taken, the stockholders may be restrained from paying to any creditor any of the debts. They further pray judgment and satisfaction for the plaintiffs' debt, and that the stockholders pay into court such sums as they are liable for, and the like relief for any creditor of the corporation who is entitled to participate in the moneys thus raised.

I do not think these allegations in the complaint, furnish a sufficient reason for making the N. Y. B. D. Co. a party defendant. The allegations of ignorance of the amount and character of the claims entering into the judgments, cannot be a reason for making the judgment-creditors parties. The action seems to be in some respects founded upon the authority of the case of Bogardus a. The Rosendale Manufacturing Company (3 *Seld.*, 147). That case, although it is not expressly so stated, it is evident, was a case arising before the Code. A suit can no longer be necessary for obtaining a discovery—at any rate, except in cases where some exception to the general rule, prevailing under the Code prevents the examination of parties— or the officers or agents of a corporation. The prayer for an injunction, independent of the objection that it is not asked against the judgment-creditors, ought not to be granted. (Judson a. Rossie Galena Company, 9 *Paige*, 598.) The prayer for an account of all the debts of the corporation ought also not to be granted, as it is unnecessary to enable the plaintiff to obtain his required relief under the charter, as it will involve unnecessary delay, and as it will, probably, result in the disclosure of claims, some of which cannot be enforced against some of the defendants in this suit. (9 *Paige*, 598.) There seems, therefore, to have been no necessity for making these judgment-creditors parties. If the plaintiffs are right in commencing the action as well for the benefit of others similarly situated as for their own benefit, there was no necessity, by any act of the plaintiffs, for putting such persons in the condition of actual parties without their consent ; and if they were proper, or necessary parties plaintiff, the plaintiffs cannot make such persons parties defendant, without an averment in the complaint that the plaintiffs had ineffec-

tually attempted to obtain their consent to unite as plaintiffs in the action, or some other similar or sufficient averment. (*Code,* § 119.) The complaint, therefore, seems to be demurrable as to the New York Balance Dock Company, as well as to the other defendants who have been heard upon demurrer.

There must be judgment for the defendants on the demurrer with costs, with leave to the plaintiffs to amend on payment of costs. And on payment of such costs the plaintiffs may, if they so elect, discontinue this action as against the demurring defendants, and without prejudice to an application to the court to discontinue the action as to the other defendants without costs, if the plaintiffs shall be so advised.

---

## PEOPLE *on rel.* McSPEDON *a.* THE BOARD OF SUPERVISORS.

*Supreme Court, First District; Special Term, November,* 1859.

MANDAMUS.—RETURN.—OFFICIAL CERTIFICATE.

The allegations in a return to an alternative writ of mandamus, seeking to take advantage of technical objections, must distinctly allege such objections. They will be disregarded if left to be drawn as matter of inference.

Where the certificate of a board or body is required as the foundation of a claim, the certificate of a majority of them, at a duly convened meeting, is sufficient.

If the relator is not entitled to what he demands in the alternative writ, his motion for a peremptory writ should be denied, although it appear that he is entitled to a portion of the relief. The peremptory writ must follow the alternative.

Motion for peremptory writ of mandamus upon the return to an alternative writ; and motion to strike out parts of the return.

The alternative writ alleged that the relators entered into a contract with the Commissioners of Records, a board created by the act of April 13, 1855, by which the relators were to prepare and print indexes to the records of the county, payment to be made by the chamberlain of the city as the work progressed, upon the certificates of the commissioners; that they had com-