By the Court.*
Monell, J.
Previous to the abolition of the court of chancery, by the adoption of the Constitution of 1846, that court had exclusive jurisdiction to entertain bills for the dissolution of corporations. Neither the supreme court, nor any other common law court, had power to entertain such a proceeding (2 Rev. Stat., 463, § 36).
The judiciary act of 1847 (Laws of 1847, ch. 280, p. 319, § 16), transferred to, and vested in, the supreme court, all the equity jurisdiction and powers, which had theretofore been possessed by the court of chancery, which included, of course, its jurisdiction to dissolve corporations. By such transfer, the jurisdiction over such cases, became exclusive in the supreme court, as it had theretofore been exclusive in the court of chancery; and such exclusive jurisdiction has continued in the supreme court, to the present time, unless the legislature has, since the passage of the judiciary act, conferred a like jurisdiction upon other courts.
The superior court of the city of New York, was *328 created by the legislature in 1828, with a common law jurisdiction only. It possessed no equity power or jurisdiction whatever.
The Constitution of 1846 (Art. 14, § 12), continued the court, with its then powers and jurisdiction, until the legislature should otherwise direct.
By the passage of the Code of Procedure, in the year succeeding the passage of the judiciary act, the equity jurisdiction, which, by that act, was vested exclusively in the supreme court, was bestowed, in part, upon the superior court, the court of common pleas, and mayor’s and recorder’s courts of cities, and to the extent that each of these courts was given a general equity jurisdiction (Bowen v. Irish Presby. Cong., 6 Bosw., 246; Bennett v. Le Roy, 5 Abb. Pr., 55; Forrest v. Forrest, 6 Duer, 102; affirmed 25 N. Y., 501).
The judiciary article of the constitution, which was adopted in 1870, section 12, continued the superior court, with all its then powers and jurisdiction, and such further civil and criminal jurisdiction as might thereafter be conferred upon it by the legislature.
Under that provision of the Constitution, the superior court was removed from the interference of the lesislature, except to increase or add to its jurisdiction and powers. None which it possessed at the adoption of the article, can now be taken away or diminished. .
Section 33 of the Code of Procedure does not, in' terms, confer upon this court a general equity jurisdiction. It extends its jurisdiction, to certain specified cases, which theretofore were of exclusively equitable cognizance; such as actions for the partition of lands, and the foreclosure of mortgages; and then, generally, “to all other actions,” where the defendants reside or are served within the city of New York.
Thus it would seem, that it must have been the intention of the legislature, to make the jurisdiction of the superior court, as respects the cause of action, *329 equal and co-extensive with the jurisdiction of the supreme court; the only apparent qualification being, in the jurisdiction over the person of -the defendant. So that, if the defendant resides, or can be served with process within the city of New York, the superior court may claim jurisdiction over any and every action, of which .any other court has cognizance, whether the cause of the action be of an equitable or legal nature.
In speaking on this subject, in a case where the equity jurisdiction of the superior court was attacked (Forrest v. Forrest, 25 N. Y., 501), Mr. Justice Weight has given the history of legislation upon the subject of a somewhat analogous jurisdiction. He has shown that the legislature had complete power over the subject of divorces, and could give jurisdiction over them, to any tribunal; and that although it saw proper to confine the jurisdiction to the court of chancery, while that court was in existence, it was never deprived of the right to extend such jurisdiction to any other existing court, or to have created a court expressly for the purpose of such cases, similar to the ecclesiastical courts of England. The learned judge concludes, therefore, that it was competent for the legislature to vest such jurisdiction in the superior court; and.that an action for divorce was embraced among the “ other actions” to which the jurisdiction of that court was extended by section 33 of the Code.
The theory of the decision in the Forrest case, is, that by the Code, the distinction. between actions at law and suits in equity being abolished, and one form of action provided, which is denominated a civil action, the only question which can, in any case, arise, is whether the proceeding is an “ action” within the meaning of that word, as used in the Code. If it is an action, then that clearly, the superior court is vested, by section 33, with jurisdiction over it.
In the case before us, the question might be regarded *330 as sufficiently answered by a mere reference to the plaintiff’s proceeding to obtain the relief he seeks. There is a summons in the usual form, and a complaint, stating a cause of action, within the provision of the Revised' Statutes relating to proceedings against corporations in equity ; and a demand for the appropriate relief. It has, therefore, all the characteristics and elements of an action, in the form prescribed by the Code.
The proceeding for the sequestration of the property of an insolvent corporation was required by the statute to be instituted by “petition ” to the chancellor, with a further provision for a final decree. The form of the proceeding, therefore, as well as the peculiar jurisdiction over the subject matter, was fixed and created, by the legislature; and being the mere creation of the statute, could be changed, modified or enlarged, by the power creating it. .
Although the " second” part of the Code, until otherwise provided, is not to affect proceedings against corporations, as provided in the title of the Revised Statutes, before referred to (Code, § 471), yet, when in consequence of such proceedings, a civil action shall he brought, such action shall be conducted in conformity to such part.
The plaintiff has, therefore, brought an action, in the manner and form prescribed by the second part of the Code.
It cannot be supposed, I think, that the- legislature intended to do more or otherwise, than to merely preserve certain peculiar remedies which had been provided by statute, thus leaving the remedies intact, but requiring that in pursuing them, if it was necessary to bring an action, the action should conform to the new Code of Procedure. Among the remedies thus qualifiedly excepted from the operation of the second part of the Code, is the remedy a creditor of an insol *331 vent corporation has, against the corporation, to sequester its property, and annul its corporate powers.
It is only by statute that an inquisitorial power is given to any court over corporate bodies. The court of chancery had no jurisdiction over such bodies, until it was given by the legislature (Attorney-General v. Utica Ins. Co., 2 Johns. Ch., 371; Verplank v. Mer. Ins. Co., 1 Edw., 84). Hence, as was said in the Forrest case, it was and is competent, for the legislature to give the jurisdiction over such bodies to any court or courts, and to prescribe the form of procedure, to secure the remedies given by the statute.
The word “petition,” only, is used in section 36, but the chancellor gave to it, its broad signification, namely, a prayer to the court, saying, that every bill was a petition for relief. He, therefore, in two cases, sustained a bill (Judson v. Rowie Galena Co., 9 Paige, 598; Morgan v. New York & Albany R. R. Co., 10 Id., 290).
If, therefore, the remedy provided by the statute, could have been enforced by bill in equity, before the Code, then it is clear that it can be now pursued by action; and that the latter is an entirely appropriate form of procedure.
I have not found it necessary to look to the third subdivision of section 33 of the Code to find a conferred jurisdiction in this court. That subdivision embraces, in terms, actions against corporations for the recovery of any debt or damages ; and also “ upon any cause of action ” arising within the State, which would seems to be sufficiently comprehensive, to include a creditor’s remedy under the provisions of the Revised Statutes.
But as I have not found it necessary to rely upon that subdivision, for the requisite jurisdiction in this court, over the subject of this action, and having found sufficient in the “ second, ” subdivision, as explained by the Forrest case, to sustain the action in this court, *332 I am not embarrassed by the two decisions in this court, adverse to the views I have expressed (Kattenstroth v. Astor Bank, 2 Duer, 632; Brahe v. Pythagoras Asso., 4 Id., 658).
These decisions, which were before the decision of the Forrest case, were put upon the ground that subdivision 3 did not reach to inquisitorial actions or proceedings against corporations under the Revised Statutes. The court did not examine subdivision 2, but confined itself to a construction of subdivision 3 only.
I am, therefore, of the opinion that the case before us is an action, within the meaning of the Code, and as such, this court has jurisdiction over it.
The order' sustaining the demurrer should be reversed, with leave to withdraw the demurrer and answer on payment of costs.

 Present, Barbour, Ch. J., and Monell and Freedman, JJ.