In the Matter of the People ex rel. Attorney-General *v.* The Security Life Insurance Company.

Where the assets of an insolvent life insurance company have passed into the hands of a receiver, appointed in proceedings under the general insurance law, the holder of a policy which matured by the death of the insured prior to the appointment of the receiver, has no legal right to demand an adjustment and payment of his claim before a distribution of the assets among all the creditors entitled to share therein.

If the court has the power to direct the payment of such a claim without awaiting the presentation and liquidation of all outstanding claims, it is within its discretion, and the exercise of this discretion is not reviewable here.

*It seems,* that the court, to whom such an application is presented, should require a very clear case, not only that the claim is a valid, legal demand; but that the assets ready to be distributed, are abundantly sufficient to pay all charges upon the fund.

Where, upon application to require the receiver to adjust and pay losses, which occurred prior to his appointment, the holders of unexpired policies come in upon their own motion as contestants to litigate the petitioner's claim in conjunction with the receiver, such intervening creditors are not, as of right, entitled to costs upon denial of the motion, or upon appeal, either out of the fund or against the adverse party.

*It seems,* that the receiver, in case he succeeds, is entitled to costs.

(Argued October 9, 1877 ; decided November 13, 1877.)

Appeal from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term, which denied the application of the petitioner, Rebecca L. Miller, for an order requiring the receiver of The Security Life Insurance and Annuity Company, appointed in proceedings herein, to pay in full claims upon policies issued by said company for losses by death occurring before the appointment of the receiver, prior to payment and distribution of the assets among other creditors. (Reported below, 11 Hun, 96.)

In proceedings instituted by the Attorney-General, under and in pursuance of the insurance laws, William H. Wickham was appointed receiver of said company on the 14th December, 1876. Mrs. Miller, the petitioner, had a policy

in said company upon the life of her husband, who died November 26, 1876. Due proofs of death were delivered to the company December 7, 1876.

*Robert Sewell*, for appellant. The policyholders in this corporation were partners. (*Grissil's Case* [L. R.], 1 Ch., 528; *Kean* v. *Johnson*, 1 Stock., 401; Col. on Part. 641; *Hoyle* v. *P. & N. R. Co.*, 54 N. Y., 314; *Kohler* v. *B. R. Co.*, 2 Black., 715; A. & A. on Corp., §§ 41, 591; Bissett on Part., §§ 107–109, 254, 255; *Oakley* v. *Aspinwall*, 2 Sandf., 7; *Penny* v. *Black*, 9 Bosw., 310; *Man. Brass Co.* v. *Sears*, 45 N. Y., 797; *Ontario Bank* v. *Hennessy*, 48 id., 545; *Bullard* v. *Kenny*, 10 Cal., 60; *In re European Co.*, 5 Big. Ins. R., 714; *N. Y. Life Ins. Co.* v. *Statham*, 5 Ins. L. J., 868; *Mygatt* v. *N. Y. Pro. Co.*, 21 N. Y., 61.) A policyholder in a life insurance company is not a creditor of the company within the meaning of the Revised Statutes respecting proceedings against corporations in equity. (*King* v. *Ac. L. Ins. Co.*, 3 C. B. [N. S.], 151; 5 Big. Ins. R., 635.) A member of a corporation may sue it for a cause of action arising out of his membership. (*Hill* v. *Manchester*, 5 A. & D., 866; *Culburter* v. *H. Co.*, 4 McL., 544.) The receiver could sue those holders of policies who had paid part of their premium in notes, and recover the amount of the notes. (*Osgood* v. *Ogden*, 4 Keyes, 70; *Farmers' Bank* v. *Maxwell*, 32 N. Y., 579; *Hope M. Ins. Co.* v. *Perkins*, 2 Abb. Ct. App. Cases, 383; *Hone* v. *Allen*, 1 Sand., 171; *Brouwer* v. *Appleby*, id. 158; *Desraimes* v. *Mer. Co.*, 1 N. Y., 371; *Howland* v. *Meyer*, 3 id., 290; *Brown* v. *Croake*, 4 id., 51; *Lawrence* v. *Nelson*, 21 id., 158; 4 Bosw., 240; *Cruikshank* v. *Brouwer*, 11 Barb., 228; *Mygatt* v. *N. Y. Co.*, 21 N. Y., 57; *White* v. *Haight*, 16 id., 321.)

*William Barnes* and *Hamilton Cole*, for respondents. No creditor of an insolvent corporation is entitled to a preference in payment, unless he has a prior legal or equitable lien on, or a specific appropriation of some particular part of the

corporate property or funds. (*Lowerre* v. *Am. F. Ins. Co.*, 6 Paige, 482; *De Peyster* v. *Am. F. Ins. Co.*, id., 486.) The relation of the policyholders to each other is not that of co-partners. (*Baldwin* v. *Burrows*, 47 N. Y., 199; *Patterson* v. *Blanchard*, 5 id., 186; *Ogden* v. *Astor*, 4 Sandf., 311.)

ALLEN, J. This court is without jurisdiction over the appeal. It is from an order in a special proceeding, but the order does not affect a substantial right so as to make it appealable under section 11 of the old or section 190 of the Revised Code. The appellant had no legal right to demand an adjustment and payment of her claim at the time of the application, or to claim payment before a distribution of the assets among all the creditors of the insolvent corporation entitled to share with her. The Supreme Court, perhaps, had the power to order the receiver to pay the petitioner's claim at once, and without awaiting the presentation and liquidation of all outstanding claims and obligations of the company, or ascertaining the amount of all the debts properly chargeable upon the assets. But it was within the discretion of that court, whether to order payment of individual claims from time to time, or to order distribution of the assets among the creditors as moneys should accumulate in the hands of the receiver, or upon making the final order and decree in the proceeding. The court would necessarily require a very clear right to be established before ordering payment to one creditor in preference to all others, when the creditor was not preferred by statute. They would have to know, or be informed not only that the claim was a valid, legal demand against the corporation, but that the assets ready to be distributed were abundantly sufficient to pay all charges on the fund as well as every preferred claim, and every creditor of the same class as the claimant. The Supreme Court very properly refused the application, and their decision is not reviewable here. A large class of claimants, those holding unexpired policies, have a right to be heard before the entire assets to which they look for indemnity, claiming a

right to share therein, are distributed and put beyond their reach. They have no standing in court upon this application, are not parties to it, and would not be bound by any judgment adverse to their claim of right. The proceeding would seem to have been instituted with a view to foreclose them without a hearing. It is true, that Mr. Barnes has submitted an elaborate and learned brief, subscribing himself as counsel for " Charles K. Foote and other policyholders," but that does not make them parties to the application, or bind them to the result, and who the " other policyholders " are, or whether Mr. Foote, or those claimed as " others " have any outstanding obligation of or risk with the corporation, or what the terms of such obligation are, does not and could not appear. Mr. Barnes' real attitude is rather that of *amicus curiæ*, than counsel for any party to the litigation. The receiver is the only real contestant.

The application was made within less than three months from the appointment of the receiver, who by law had four months within which to call a general meeting of the creditors, when all accounts and demands for and against the corporation, and all its open and subsisting contracts should be ascertained and adjusted as far as might be, and the amount of moneys in the hands of the receiver declared. (Laws of 1853, chap. 463, § 11; 2 R. S., 464, § 42, id. 470, § 74.) The receiver is subject to the control of the court, and may make one or more distributions of the estate of the corporation among the creditors, the second of which, if the proceeding is under the general provisions of the statutes, must be within sixteen months after his appointment. (2 R. S., 471, § 80.) The Supreme Court has full power to direct the ascertainment and adjustment of all claims against the corporation, and may compel claimants to prove their claims, and submit them for adjudication; and if, in the final allowance or rejection of any claims, legal error is committed, the determination of that court may be reviewed upon appeal. Upon making a final decree in the proceeding against the corporation. the court must cause a just and fair distribution

of the property of the corporation, and the proceeds thereof to be made among the fair and honest creditors of such corporation in proportion to their debts respectively. (2 R. S., 463, § 37.) The petitioners' claim has not been condemned or adjudged invalid. The court has merely said that it will not, at this time, and upon this application, order it paid in full. The order was wise and discreet, and the only order that could properly have been made.

The appeal must be dismissed.

All concur, except Folger, J., absent.

Appeal dismissed.

Upon a subsequent motion to correct the remittitur, as to costs, it appeared that, upon their own motion, certain of the holders of unexpired policies in the company were granted leave to appear as contestants to oppose the application with, and in aid of the receiver. The papers showing this were omitted from the record. Upon such motion, the following opinion was handed down:

*Per Curiam.* The omission of the attorneys to insert in the record the proceedings by which certain policyholders were permitted to intervene and become parties to the proceeding, at their own instance, to protect the fund in the hands of the receiver, occasioned a misapprehension of the court as to the true position of the Gentlemen representing them at the argument of the appeal. So far as the record disclosed, they were volunteers, without a standing in the court, and without authority to appear, except by the grace and favor of the court, and to make such suggestion as might aid the court in its judgment. It now appears, however, that they were authorized to appear as contestants, and with, and in aid of the receiver, litigate the claim of the petitioners. They were none the less volunteers, but they had a standing in court by permission and order of the court.

With the regularity or propriety of that order we have no concern. It was one proper to be made, if, in the judgment of the Supreme Court, the circumstances required it. Ordi-

narily, in the current litigation affecting the funds of corporations in the hands of the receiver, and in contests with claimants upon the fund, the receiver is competent and willing to make all legal and proper defenses to every claim, and fully protect the creditors and others interested in the assets. He is the trustee of, and represents the creditors and all interested in the fund. In the allowance and adjustment of claims upon the making of dividends, as well as in the settlement of the accounts of the receiver, all the creditors are entitled to a hearing, and occasion may exist for permitting creditors to come to the aid of the receiver in the defense of individual claims made by action, or by petition, and we must assume that the occasion existed here for such intervention. But it does not follow that such intervening creditors are entitled as of right to costs, in proceedings to which they became parties, either out of the fund or against the adverse party. The receiver, in case he succeeds, is entitled to costs, and should have them, to the end that the fund may not be unnecessarily and improperly burthened with the costs of litigation. Creditors appearing voluntarily, if entitled to costs, might not only ruin every one attempting to assert a claim against the company, but exhaust the fund which belongs to creditors, and which should be preserved. We are of the opinion that creditors, so coming in of their own motion, except in special cases (and possibly there may be cases in which the court may exercise a discretion as to the costs), must intervene at their own expense, so far as the particular litigation is concerned.

In this case we ought not to grant but one bill of costs, and that belongs to the receiver in relief of the fund in his hands; and as he is the only real contestant and litigant, the only party whose presence is enforced and is necessary, he has a claim paramount to that of volunteers.

The remittitur is right as it is, and entitles the receiver to the costs of the appeal.

The motion should be denied.

All concur.

Motion denied.