[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 269 
This case has lately been before us, but on this appeal presents a new question. It was then decided that the referee did not err in rejecting certain claims upon the ground that they had not been presented within the time limited by an order made by the Supreme Court on the 26th day of February, 1877, to the effect that notice should be *Page 270 
published requiring all persons having claims of any kind against the above named company to exhibit them to the receiver and become parties to the proceeding within six months from the time of the first publication of the order. (78 N.Y., 116.) But upon this point nothing more was decided. The order gave the referee jurisdiction, and by its terms, claims not presented within the time specified were precluded from any benefit under those proceedings. The order was a guide to the referee and he was bound by it. But a very different question is now before us. It appears that after obtaining the order referred to and before the expiration of the time thereby limited, the receiver addressed a circular to a large number of policy-holders, saying in substance that policies in force on the books of the company were claims against it for their reserve value and would be allowed without subjecting their holders to the expense of further proof. Misled by this notice the creditors did not make formal proof of claims answering the above description, — and when brought forward they were objected to by certain creditors and are the ones rejected by the referee. The receiver thereafter applied by petition to the Supreme Court, stating these facts, and on the 2d day of May, 1879, obtained an order giving two months further time within which such claims could be presented and established before the referce. This order has been affirmed by the General Term. The appellants in this court are policy-holders whose claims were presented to the referee and allowed under the order of February above referred to. The learned counsel for the appellants contends that the receiver has no standing in court, that he can be heard only as to "his fees and compensation" and had no right to be heard upon the motion which resulted in the order appealed from; and, second, that the court itself had no power to grant the order. Upon both questions we think he is in error. Since the receiver is an officer, or, as he is sometimes called, "the hand" — of the court, it would be singular if he could not at any time go to it with his complaint or for instructions in regard to any matter *Page 271 
touching the fund placed in his custody, and more especially when, as in the case before us, it is in danger, through his own error, of being unfairly distributed. He is not to advocate the cause of one claimant as against another, — between them he is indifferent, owing a like duty to all, — and for that very reason should as far as possible, see to it that each has an equal opportunity to enforce his claim. He stands as their representative and is bound to give them reasonable aid. (Gillett v. Moody, 3 Com., 488; People ex rel. v. SecurityLife Ins. Co., 71 N.Y., 222.) Next, as to the power of the Supreme Court over the proceeding in question. The proceeding is in equity under the provisions of the statute (2 R.S., p. 462, tit. 4, art. 2, part III, chap. VIII), and, so far as the point before us is concerned, under section 56, page 466. This section obviates the necessity of separate suits and prescribes a short method of obtaining the benefit of a decree for all the creditors, so far as it relates to the corporate property and effects (Judson v. The Rossie Galena Company and others, 9 Paige, 598), and the power of the court over the proceeding is the same as it would be over a final decree obtained in a creditor's suit commenced for the benefit of all parties. In such a case it is well settled that a creditor, upon a proper case made by petition, may be permitted to come in and prove his debt at any time while the fund or any part thereof is under the control of the court, notwithstanding the time limited by the master for the creditors to come in and prove their debts had expired (Brooks v. Gibbons, 4 Paige, 374), or, as is elsewhere said, "the neglect or omission of one will not preclude his right to be afterwards let in, provided the other creditors are placed in no worse condition than if all had come in at the same time" (Pratt v. Rathbone, 7 Paige, 269; Warner v.Hoffman, 4 Edwards' Ch'y R., 393), and the same rule has been applied in proceedings against corporations. (Judson v. TheRossie Galena Co., 9 Paige, 598; Matter of the City Bank ofBuffalo, 10 id., 378.) The case before us is within both conditions. No dividend has been made. *Page 272 
Nor is the power of the court limited by statute except in one particular. The propriety or necessity of the order is to be determined by the court; it may direct the manner of its publication, — the time within which the creditors may come in may be prescribed by the court. It must be a reasonable time; but, — and this is the only statutory command, — it must be "not less than six months." It may be more. (§ 56, ante.) In all else the judgment and discretion of the court may be exercised, to the same extent as in other proceedings or actions. Subject therefore to this limitation, the time within which demands shall be presented is prescribed by the court, and the case is unlike that of an appeal, to which the learned counsel for the appellant refers, where the time within which it must be taken is fixed by statute, and that the court cannot extend it, is well settled. (Salles v. Butler, 27 N.Y., 638; Wait v. Van Allen,
22 id., 321.) But in the case before us the power is given to the court, and it was not exhausted by the making of the first order. A longer time might have been given by that order, or upon cause shown the time therein specified could have been extended, or it having expired, it would have been a matter of course to relieve a creditor from default upon sufficient cause shown. This would follow from the control which the court has over its own orders and judgments. The case of the Harmony F. and M. Ins. Co. (45 N Y, 310), is not to the contrary. There the Supreme Court had denied an application similar to the one now under review and arising in like proceedings, under the same statute. Upon appeal to this court, GROVER, J., was of the opinion that the court below had no power to grant the relief sought for, or extend the time specified in the order; but also, if it had, that it was a power to be exercised at its discretion. Judge ALLEN was of the opinion that the Supreme Court had the power but that its exercise was discretionary and not subject to review in this court. FOLGER, J., concurred in Judge ALLEN'S opinion, and the other judges expressed no opinion upon the question of the power of the Supreme *Page 273 
Court to grant the relief sought. That decision therefore may well stand upon the reasons assigned in the opinion of Judge ALLEN, and the second ground stated by Judge GROVER, in which all the members of the court seem to have concurred. We are of the opinion that the matter rested in the discretion of the Supreme Court, that this appeal is not well taken and should be dismissed, with costs.
All concur.
Appeal dismissed.