IN THE MATTER OF THE PEOPLE BY THEIR ATTORNEY-GENERAL, *v.* THE SECURITY LIFE INSURANCE AND ANNUITY COMPANY.

*Allowances — when not granted to unsuccessful claimants upon the funds in the hands of a receiver.*

Where counsel have appeared and presented claims, in behalf of their clients, against funds in the hands of a receiver of an insolvent life insurance company, and the claims have been rejected, and the orders rejecting them have been reviewed and affirmed, upon appeals taken therefrom to the General Term and Court of Appeals, and neither of the courts have ordered that costs of the proceedings or of the appeals should be paid to such claimants, the Special Term should not grant an application made to it by the counsel for the unsuccessful claimants for an order granting them allowances in the nature of costs.

APPEAL from an order made at Special Term, granting allowances out of the funds in the hands of the receiver to counsel who have appeared and urged various claims against the same.

*Hamilton Cole*, for the receiver.

*William Barnes, Robert Sewell* and *R. J. Moses, Jr.*, for the respondents.

DAVIS, P. J.:

The appeal in this case is brought by the receiver from an order of the Special Term, confirming the report of a referee awarding allowances to the several respondents, amounting in the aggregate to the sum of $9,550.

The services for which the allowances have been made, were in all cases voluntary efforts, and applications on the part of claimants against the fund in the receiver's hands which have in each instance been unsuccessful and disallowed by the order or judgment of the court. So far as we are able to ascertain from the papers before us it would seem that the course and action of the receiver, or his proposed course and action in respect of such claims have been sustained by all of the several tribunals to which the questions have been presented.

The several questions raised by these claims have been carried for the most part to the court of last resort, in each instance with results unfavorable to the several claims; and in no case has either of the courts ordered or adjudicated that costs of the proceedings or of the appeals should be paid to such claimants. In the case in which substantially all the claims were finally presented and argued, the court distinctly refused to award costs to any of the parties except the receiver, and one Gilliland, who was successful upon his particular appeal. As to them, the court ordered that costs of the appeal be allowed to the receiver and to Gilliland to be paid out of the assets, but none to the other parties. (*People* v. *Security Life*, 78 N. Y., 114–130.)

On another of the appeals, upon a motion made to correct a remittitur as to costs, the Court of Appeals took occasion to say:

"In the allowance and adjustment of claims upon the making of

dividends as well as in the settlement of the accounts of the receiver all the creditors are entitled to a hearing, and occasion may exist for permitting creditors to come to the aid of the receiver in the defense of individual claims made by action or by petition, and we must assume that the occasion existed here for such intervention. But it does not follow that such intervening creditors are entitled as of right to costs, in proceedings to which they became parties, either out of the fund or against the adverse party. The receiver, in case he succeeds, is entitled to costs and should have them, to the end that the fund may not be unnecessarily and improperly burdened with the costs of litigation. Creditors appearing voluntarily, if entitled to costs, might not only ruin everyone attempting to assert a claim against the company but exhaust the fund which belongs to creditors and which should be preserved. We are of the opinion that creditors so coming in of their own motion, except in special cases (and possibly there may be cases in which the court may exercise a discretion as to costs), must intervene at their own expense so far as the particular litigation is concerned."

" In this case we ought not to grant but one bill of costs, and that belongs to the receiver in relief of the fund in his hands; and as he is the only real contestant and litigant, the only party whose presence is enforced and is necessary, he has a claim paramount to that of volunteers. The remittitur is right as it is and entitled the receiver to the costs of the appeal. The motion should be denied." (*People ex rel.* v. *Security Life*, 71 N. Y., 222, 227.)

We are not able to find that at any stage of any of the proceedings of these defeated claimants the court has thought proper to make any allowance of costs to either of them. On the contrary the intimations in the decision above cited are emphatic and strong, that the claimants were not entitled to and ought not to have the costs of their fruitless proceedings.

After the rights of all parties have been finally determined by the decisions of the courts, and after the fund in the hands of the receiver has been brought to a condition of readiness for distribution, reduced as it has been by the heavy expenses of litigations, in part at least caused by the presentation of claims not sustained, a petition is presented to the court below for allowances for the services and expenses of counsel in the presentation and advocacy of the

defeated claims in the various tribunals of the State. It was the duty of the receiver to oppose and resist the application. While it is well established that courts in contests over trust and other funds of this character may under proper circumstances, award costs to the several contestants, yet that ought always to be done, if at all, in disposing of the litigation by the final judgment of the court to which it is presented. Undoubtedly the court at Special Term or at General Term, or on the final appeal to the Court of Appeals, might have exercised the discretionary power with which it is vested, and have ordered the expenses of the several parties to the litigation to have been wholly or partially paid out of the fund. But it has never been customary, nor ought it to be allowed, that where neither of these several courts has given any direction to that end, but have all treated the claim as one in hostility to the rights of the receiver or trustee, and especially where they have directly or by necessary inference denied costs, that defeated parties should be permitted by petition to apply, as in this case, to the court at Special Term for an order for allowances in the nature of costs. All questions of costs and allowances in such cases ought, as a general rule, to be regarded as adjudicated adversely to the claimants, by the determinations or judgments already made. There are sound reasons why such subsequent applications to the Special Term ought not to be allowed. To establish such a course of procedure, would be to invite volunteer claimants to present and contest their claims, greatly to the embarrassment and delay of the distribution of the assets in the hands of the receiver, thereby charging them with the costs and expenses to which the receiver is subjected in resisting their claims, and preventing for greater or less periods the payment of the funds to creditors or parties entitled to receive them. The opportunity afforded by such a practice, ultimately to obtain allowances out of funds which can never be too closely guarded for the protection of the real beneficiaries, would lead to onerous and unjust litigations and delays.

We think it ought to be the established rule that no such costs or allowances can be given, except where the court, in the process of the litigation over the claim presented, distinctly adjudicates that the claimant is in equity entitled to them. For this reason alone we think the court below should have denied the motion. No

doubt the services rendered by the respective counsel were of a character entitling them to compensation at the hands of their clients. But the ultimate results have shown that they were of no value to the fund in the hands of the receiver, either for its protection or increase, and in such a case it would not be the duty of the court to allow them to operate to the injury of the fund by its decrease.

There is no precedent to justify that course, and none should be made. One of the counsel for the respondents has appended to his points copies of some forty orders made at Special Terms in cases of insolvent insurance and other companies, treating them as precedents to justify the order in this case. But we cannot so regard them. None of them seems to have received the sanction of a General Term, and some of them, notably in the life insurance cases, seem in the absence of explanation, to have been extraordinary uses of discretion. In the absence of the facts upon which they may have been based, we are not at liberty to go further than to decline to follow them as precedents.

The receiver in this case is entitled to credit for having brought the order for review to an appellate court; and it is hoped that his course will be a precedent by which the receivers of similar institutions may be lead to protect the funds in their hands against all unwarrantable allowances.

We think also that if the court below possessed discretion to make the order, it was improvidently exercised, and that it is our duty for that reason, and without considering the question of power, to reverse the orders and deny the prayer of the petition.

BRADY and BARRETT, JJ., concurred.

Order reversed and petition denied.