THE RIVERSIDE IRON WORKS v. GEORGE S. HOSMER,
CIRCUIT JUDGE OF WAYNE COUNTY.

*Corporations—Sequestration of effects—Equity practice—Parties.*

1. A creditor of a corporation, whose debt has not been merged in
   a judgment, has no right to intervene, and answer and file a
   cross-bill resisting the petition of a judgment creditor of the
   corporation, filed under How. Stat. § 8153, for the sequestra-
   tion of the stock, property, things in action, and effects of the
   corporation, and the appointment of a receiver of the same.

2. A judgment creditor who petitions for the sequestration of the
   stock and property of a corporation, and the appointment of a
   receiver of the same, under How. Stat. § 8153, which authorizes
   such a proceeding after the return of an execution unsatisfied,
   gains no advantage over other creditors, and any interests
   which they have in the property or equities sought to be
   reached are not disturbed by such sequestration; citing *Judson
   v. Rossie Galena Co.*, 9 Paige, 598; *Morgan v. Railroad Co.*,
   10 Id. 290.

*Mandamus.*    Argued January 30, 1894.    Granted April
17, 1894.

Relator applied for *mandamus* to compel respondent to
vacate an order allowing the Rundle-Spence Manufacturing
Company and other creditors of the Detroit Plumbers'
Supply Company to intervene, and answer and file a cross-
bill resisting the petition of the relator, filed under How.
Stat. § 8153, upon the return of execution unsatisfied, for
the sequestration of the stock and property of the corpo-
ration, and the appointment of a receiver of the same.
The additional facts are stated in the opinion.

*James H. Brewster,* for relator.

*Bowen, Douglas & Whiting,* for respondent.

MCGRATH, C. J.    Section 8153 of the statutes gives to

a creditor having a judgment, execution upon which has been returned unsatisfied, the right to have a sequestration of the effects of the corporation.    It does not even give his judgment precedence.    The court, upon sequestration, appoints a receiver, who distributes the avails between the creditors.    Under the federal bankruptcy law, other creditors had a right to intervene, not for the purpose of resisting the prayer of the original petitioning creditor, but to prevent a collusive adjustment between the petitioning creditor and the alleged bankrupt, and a discontinuance of the proceedings.

The petition of the Rundle-Spence Company sets forth simply that it is a creditor—not a judgment creditor—of the Detroit Plumbers' Supply Company; nothing more. There would be some force in a claim that it would have a right to join with relator and be made a party petitioner, but it certainly has no right to be allowed, upon such a showing at least, to answer and file a cross-bill resisting relator in pursuing the remedy which the statute gives to it as an execution creditor.    To what relief is the Rundle-Spence Company, upon this showing, entitled as against relator?    And, as against the Plumbers' Supply Company, the intervener is entitled, in this proceeding, to only such relief as relator has asked for, and it is not entitled to that in the absence of relator as a party prosecuting.    Any rights which the Rundle-Spence Company has are preserved in this proceeding.    Relator gains no advantage over other creditors, and any interests which the intervener has in the property or equities sought to be reached are not disturbed by the sequestration.    *Judson v. Rossie Galena Co.*, 9 Paige, 598; *Morgan v. Railroad Co.*, 10 Id. 290.    A different question would be presented if fraud or collusion were charged.

The writ should issue as prayed.

The other Justices concurred.