### Brooks *vs.* Gibbons and others.

A speaking demurrer is one which introduces some new fact or averment, which is necessary to support the demurrer, and which does not appear distinctly upon the face of the bill.

Where a bill has been filed against the executors or administrators and the devisees or heirs of a deceased debtor, by one of the creditors, in behalf of himself and others, who may elect to come in under the decree, and a general decree for an account and payment of the debts and legacies or debts of the testator or intestate has been obtained, a separate creditor or legatee cannot file a new bill for the same purpose, except he could not come in under such decree, or where he is entitled to more extended relief than he could have obtained in the former suit; in which cases he may file a new bill as supplementary to the former suit.

A creditor, upon a proper case being shown by petition, may be permitted to come in and prove his debt, under a decree, at any time while the fund or any part thereof is under the control of the court, notwithstanding the time limited, by the master, for the creditors to come in and prove their debts has expired.

January 28. THIS was a suit against the executrix and devisees of James Gibbons, deceased, in behalf of the complainant and all other creditors, for an account of the estate, and for the satisfaction of their debts out of the same. The claim of the complain-

ant upon the estate was for the amount of a note made by J. V. N. Yates to James Gibbons, in his life time, and endorsed by him to the complainant. It appeared from the bill that a similar suit had been commenced against the defendants, by other creditors, in which the usual decree had been made in favor of the complainants in that suit ; and also for the benefit of all other creditors of James Gibbons who might choose to come in under the decree. But the complainant in the present suit alleged that he had no knowledge of the proceedings in the former suit, until after the expiration of the time limited by the master for the creditors to come in and prove their debts ; and that he was then advised that he could not come in and prove his debt, under that decree. He therefore prayed for an account of the real and personal estate of the testator, and for the payment of his debt, and also the debts of all other creditors of the estate, out of the same. The defendants put in a general demurrer to the whole bill ; and they stated, as grounds of demurrer, several matters appearing upon the face of the bill.

*J. King,* for the complainants.

*J. Edwards,* for the defendants.

THE CHANCELLOR. The objection that this is a speaking demurrer, is not well taken. A speaking demurrer is one which introduces some new fact, or averment, which is necessary to support the demurrer, and which does not appear distinctly upon the face of the bill. The case of *Edsell* v. *Buchanan,* as reported by Vesey, (2 *Ves. jun.* 83,) has frequently been misunderstood. The demurrer in that case was not overruled as a speaking demurrer, merely on account of a modest suggestion, that the time stated by the complainant, " about the year 1770," was upwards of twenty years before the filing of the bill. But it was because that suggestion, from the manner in which it was introduced into the demurrer, was in the nature of an averment that the defendant had been in possession of the mortgaged premises for more than twenty years. And the fact of such possession was necessary to sus-

tain the defence set up on the argument of the demurrer; which defence was, that the complainants' right to redeem was barred by the lapse of time. The precise time, at which the defendant's possession commenced, not appearing from the bill itself, the averment that the heir of the mortgagee had been in possession "upwards of twenty years before the bill filed," should have been brought forward by plea, or answer, and not by demurrer. (*See* 4 *Bro. C. C.* 256, *S. C.*; *Davies* v. *Williams*, 1 *Sim. Rep.* 7; and *Brownsword* v. *Edwards*, 2 *Ves. sen.* 245.)

The complainant states the making of the note, and the endorsement thereof to him by James Gibbons. It was not necessary, therefore, to set out the consideration of such endorsement, as the fact of endorsing the note to him implies a consideration, as between endorser and endorsee. If the note came into the complainant's hands under special circumstances, which would render it inequitable for him to collect it against James Gibbons, or his representatives, those circumstances should be stated by plea or answer. From the allegation that it was endorsed by J. Gibbons to the complainant, I must infer that he received it before it became due; as Gibbons died several months previous to that time. There is, however, one defect, in stating the complainant's title to recover the amount of this note from the estate of Gibbons, which was not adverted to on the argument of the demurrer. And that is, the allegation in the bill, that notice was given to Gibbons himself, not to his representatives, several months after his death. It is stated in the bill that the testator died in February; and notice of the non-payment was given to him in June following, when the note became due. As this statement in the bill has doubtless been put in this form through mere inadvertence, if the case turned on this question, the complainant would be permitted to amend.

I think, however, the last ground of demurrer is well taken; and that goes to the merits. It has now become the settled law of this court, that where a bill has been filed against the executors, administrators, devisees, or heirs of a deceased debtor, by one of the creditors in behalf of himself and all others who may elect to come in under the decree, and where

a general decree for an account, and payment of the debts and legacies of the testator or intestate, has been made in such suit, under which all may come in and prove their debts, this court will not permit a separate creditor, or legatee, to institute new proceedings, either at law or in equity, against the representatives of the decedent. The only exceptions to this rule are, where the complainant in the new suit shows that he could not come in under the former decree, or that he is entitled to more extensive relief than he could have obtained in that suit ; in which cases, he is sometimes permitted to file a new bill, as supplementary to the former suit. (*See Shepherd* v. *Towgood, Turner & Russ. Rep.* 379.) And where a creditor files a bill in this court, from which it appears that a decree has been already made for his benefit, in another suit, under which his title to relief can be enforced, it is good ground of demurrer to such bill, that there are no equitable grounds for instituting such new suit. (*See Neve* v. *Weston,* 3 *Atk. Rep.* 557.) The fact that the time limited by the master for the creditors to come in and prove their debts has expired, affords no reasonable ground for charging the estate with the expenses of a new suit ; as the creditor, upon a proper case made by petition, may be permitted to come in any time while the fund, or any part of it, is under the control of the court. (1 *Newl. Pr.* 3 *Lond. ed.* 534.) In the present case, the bill shows that the proceedings in the former suit are not finally closed. It is not too late, therefore, for this complainant to come in, by petition, for leave to prove his debt under that decree ; or if it is, all the facts which are necessary to show the complainant could not obtain such relief, should have been distinctly stated in the bill. An averment that he is advised by counsel that it is too late, is not sufficient. He should have stated the facts in such a manner that the court could see he had no remedy, by petition, in the former suit. Whether a creditor can, in any case, institute an entirely new suit after a final decree in a former cause, under which he had a right to come in, is at least doubtful. I am inclined to think, however, that his remedy, in all such cases, is to proceed in the former suit, by petition for relief, upon the foot of that decree ; or by an application to the court, for

leave to file an original bill, in the nature of a supplemental bill, to have the benefit of the former proceedings, and for a further sale of the property, if necessary, for the payment of his debts. It would certainly be unreasonable and inequitable to permit the representatives of a deceased debtor to be harrassed by new suits, after a final settlement of the estate upon a decree for the benefit of all the creditors; except under very special circumstances.

The demurrer in this case must therefore be allowed. And the bill is dismissed, with costs; but without prejudice to the right of the complainant to apply to the court, by petition, for leave to prove his debt under the decree in the former suit, or for leave to file a supplemental bill, or an original bill in the nature of a supplemental bill, as he may be advised.