PRATT and others, assignees, &c. *vs.* RATHBUN and others.

Where an insolvent debtor made an assignment of his property for the benefit of his creditors, giving a preference to certain classes, and a decree was made for the benefit of all the creditors who should come in before the master and prove their claims upon the assigned fund, a preferred creditor who had neglected to come in and prove his claim within the time limited for that purpose by the master, as directed by the decree, was not allowed to come in afterwards and prove his claim; except on the terms of having his debt placed upon an equality with those of the creditors who were not preferred, in case there should be a surplus after paying the preferred debts already proved.

Where creditors are required to come in and establish their claims under a decree, they are not holden to strict rules as to the time within which they shall come in and prove their debts, so long as it can be done without injustice to other parties.

Upon an application by a creditor to come in and prove his debt after the time limited for that purpose has expired, the other creditors who are interested in the fund, and who have proved their claims, are entitled to notice of the application, if they have appeared in the cause. But to entitle a defendant in the suit, or a creditor who comes in under the decree, to such notice, his appearance must be entered with the proper officer, and notice thereof served on the complainant's solicitor.

THE bill in this case was filed by the assignees of B. Rathbun, who were also some of his preferred creditors, for a construction of the articles of assignment, and to have the several preferred and other creditors come in and establish their claims, under the assignment, as well to priority as otherwise. Most of the creditors were made parties, and suffered the bill to be taken as confessed ; some after appearance and some without having appeared in the cause ; and a general decree was made for all the creditors to come in and establish their claims before the master, who was also directed to report as to the priorities of the several claims under the assignment. After the time allowed for proving the claims before the master, and while he was making up his report, Johnson, Hodge & Co. who had proved their

September 18

debt before the master, presented a petition, stating that they believed they had proved the necessary facts before the master to establish their right to be placed in the class of preferred creditors, but that the master had not taken down such proof; or that they had, through inadvertence, forgotten to examine their witness to that fact, or the master had neglected to take down that part of his examination. The petitioners also showed by their petition that they were entitled to be placed in the class of preferred creditors. They therefore prayed that they might be permitted to go before the master and make proof of the facts. Notice of the application was only given to the solicitor of the complainants.

THE CHANCELLOR decided that all the creditors who had come in and proved their claims before the master had an interest in the question, and had a right to be heard upon the application if they had appeared in the cause; that the preferred creditors were interested in not having the number of that class increased, which, in case of a deficiency, would diminish their respective shares of the trust fund; and that those who were not preferred had also an interest in diminishing the amount of the preferred debts, so that their shares of the surplus, if any, might thereby be increased. He therefore directed the application to stand over, and that a copy of the petition and a notice of the time and place of presenting the same should be given to the solicitors of such of the creditors as had appeared in the cause, as well as to the solicitor of the complainants. But he decided that those creditors who had come in and proved their claims before the master but had neglected to cause their appearances to be entered, with the register or assistant register, were not entitled to notice of the application; that this was an ordinary proceeding in the cause, within the meaning of the 16th rule which declares that no services of notices or papers in the ordinary proceedings in the cause shall be necessary to be made on a defendant who has not appeared therein; and that to constitute an appearance, so as to entitle the party to service of notices and other papers which might affect his interests, he must cause

1838.

Pratt
v.
Rathbun.

his appearance to be duly entered, and must give notice thereof to the complainant's solicitor, so that other parties may have the means of knowing on whom notices and papers were to be served.

Due notice of the application having been given to the creditors who had caused their appearances to be entered, the application was renewed by,

*S. Stevens,* for the petitioners.

*J. Rhoades,* in behalf of the complainants and of the other creditors represented by them, opposed the application.

The Chancellor. The petitioners show that they have a right to be placed in the class of preferred creditors, and 1 think the excuse is sufficient to entitle them now to come in and establish the facts before the master. In creditors' suits, or others where the creditors are required to come in before a master and establish their claims under a decree, it is not the practice of this court to hold them to very strict terms as to the time when they shall come in and prove their debts ; so long as it can be done without injustice to other parties. And in this suit I have already permitted some creditors, who had neglected to prove their claims within the time prescribed by the master, to come in and make their proof, upon payment of the extra costs occasioned by their negligence. The petitioners must therefore have leave to go again before the master for the purpose of establishing their right to be placed in the class of preferred creditors, so as to place them upon an equality with other preferred creditors in case the fund is not more than sufficient to pay the preferred debts. But as equality among creditors is equity, and the petitioners have made a slip, by which they have lost the priority which the assignor intended to give them, over other creditors who had an equal claim in equity to a rateable proportion of the assigned fund, they must be let in to establish their claim to be placed in the class of preferred creditors, upon the express condition that if the fund is more than sufficient to pay

the preferred creditors, they are, as between themselves and the creditors who are not preferred, to be placed upon the terms of perfect equality in the distribution of the fund. They must also pay to the solicitors of the parties who have appeared on this application the extra expense caused by this motion, and the costs of such further proof; to be taxed and allowed by the master.