IN THE MATTER OF THE HARMONY FIRE AND MARINE INSURANCE COMPANY.

An order having been granted by the Supreme Court, under section 56 of the article two of the Revised Statutes in reference to proceedings against corporations in equity (2 R. S., 466), requiring all the creditors of a corporation to exhibit their claims, and become parties to the suit, within six months from the first publication thereof, or in default thereof be precluded from distribution.—*Held*, that, at the expiration of the time fixed, a creditor, who had failed to present his claim, was wholly excluded from any share in the assets, and this although he had delivered an account of his claim in accordance with section 81 of article 3 of the same title (2 R. S., 471) before the second dividend.

(Argued March 21st, and decided April 11th, 1871.)

APPEAL from an order of the General Term of the Supreme Court in the first district, affirming an order of the Special Term, denying the prayer of the appellant's petition.

On the 19th day of February, 1866, the Harmony Fire and Marine Insurance Company, which was a New York corporation, issued its policy for $7,500 to Wm. McLoon, insuring his ship "Young Mechanic" for a voyage from Boston to Hong Kong. In the course of her voyage, and while off the coast of South America, the ship was destroyed by fire, on or about the 10th April, 1866. In July of the same year, the company filed a bill in equity in the Supreme Court of Massachusetts, alleging, among other things, that the loss was caused by the fraud of McLoon, and praying that he be ordered to surrender and cancel the policy. McLoon answered the bill. Issues of fact were framed, submitted to a jury and determined in favor of McLoon, whereupon the court dismissed the bill with costs, at the October term 1868.

Pending the proceedings in equity, McLoon brought his action at law in the same court in April, 1868, to recover his insurance money. In this action the company appeared and defended by the same attorney who represented it in the proceeding in equity. This action was also tried before a jury, and in May, 1869, McLoon recovered judgment against the company for $8,555.62. Thereupon execution was issued on the 20th day of May, 1869, for $8,596.44 and interest from May 15, 1869. Failing to collect anything by means of the execution in Boston, where it was issued, the plaintiff sent it to New York about the 1st of July, 1869. He then learned that the property of the company was in the hands of receivers. After the company had filed its bill in Boston, but before the action at law was there commenced against it, on the 14th day of December, 1866, T. James Glover and Arthur Leary were by an order of the Supreme Court of this State appointed receivers of the property of the company, on the petition of a stockholder under the provisions of original sections 39, 40 and 41, article 2, title 4, chapter 8, part 3 of the Revised Statutes (5th ed., vol. 3, p. 764); on the 27th day of October, 1868, the receivers obtained an order of this court, under the provision of original section 56 of the statute above-mentioned, requiring all creditors to

exhibit their claims and become parties to the proceedings within six months from the first publication of the order, or be precluded from the benefit of any decree that might be made in the proceedings; directing the publication of the order for six months in the *Journal of Commerce*, and appointing a referee for the purposes of the order, to hear and determine claims etc.    The six months expired on the 18th of June, 1869.    The notice given in pursuance of the order required creditors to exhibit their claims on or before June 23d, 1869. The referee made his report June 29, 1869, and on the 30th of June 1869, an order was made precluding from the benefit of any decree in the proceedings all creditors who had not exhibited their claims and become parties to the proceedings according to the directions of the order of October 27, 1868. The same order of June 30, 1869, which thus shut out all creditors who had not then filed their claims and been admitted as parties, directed the receivers to make a second and final dividend of twenty-eight per cent; a dividend of twenty per cent having been previously declared.    The second dividend was by the receivers made payable July 24, 1869. All the dividends directed were paid, excepting a sum of $69.19 unclaimed, and the liquidation of the affairs of the receivership leave a surplus sufficient to pay upon McLoon's claim a per centage equal to that paid as dividends to other creditors.

About the first of July 1869, after the expiration of the six months allowed by the order of October 27, 1868, for creditors to come in, but before the second dividend, McLoon's claim was presented to the receivers, who, however, refused to admit it or give him any satisfaction whatever.

Thereupon McLoon petitioned the court, praying leave to prove his claim in such manner as the court should direct, and that the receivers be directed to pay upon it the same per centage as had been paid to other creditors, and that he have such other and further relief, etc.    On this petition the court directed the receivers and referee to show cause why the prayer should not be granted, and why the petitioner should

not be allowed to come in and prove his claim, and why the receivers should not pay dividends thereupon, and why the petitioner should not be allowed to bring his action against the receivers to enforce his claim, and why he should not have such other and further relief, etc.    On the return of the order to show cause the court denied the motion of the petitioner, on the ground that " the statute excludes all claimants who do not present their claims within the time fixed by the second notice.    The statute imposes a limitation in presenting claims to the receiver, and disposes of the fund to other parties.    If claims can be admitted afterward, the receiver is prevented from complying with the statute in this respect."

The court at the same time intimated that it would exercise a discretionary power in favor of the petitioner, if the statute had not prevented the exercise of all discretion.

On appeal to the General Term, the order was affirmed, and thereupon the petitioner, McLoon, appealed to this court.

*Thomas C. Hubbard*, for the appellant, upon the point that the court below had power to relieve the petitoner and let him in, notwithstanding default, cited *Judson* v. *Rossie Co.* ( 9 Paige, 597, 600) ; *Matter of the City Bank of Buffalo* (10 Paige, 378, 382) ; *Russell* v. *Lane* (1 Barb., 519, 523) ; *Pratt* v. *Rathbun* (7 Paige, 269) ; *Warner* v. *Hoffman* (4 Edw. (Ch., 381, 389) ; *Greig* v. *Somerville* (1 Russ. & M., 339) ; *Angell* v. *Haddon* (1 Madd., 529) ; *Sashley* v. *Hogg* (11 Ves., 602).    And deciding otherwise was error.    (*Hall* v. *Emmons*, 9 Abb. Pr. R., N. S., 370 ; *Russell* v. *Conn*, 20 N. Y., 81.)

*Joseph H. Choate*, for the receivers.

Grover, J.    Section 56 (2 R. S., 466), among other things, provides that the court may, whenever it shall appear necessary or proper, order notice to be published in such manner as the court shall direct, requiring all the creditors of such corporation to exhibit their claims and become parties to the suit within a reasonable time, not less than six months from

the first publication of such order, and in default thereof to be precluded from all benefit of the decree which shall be made in such suit, and from any distribution which shall be made under such decree. Upon the hearing of the petition of the appellant by the Special Term it was shown that an order pursuant to the preceding section, requiring creditors of the corporation to exhibit their claims, had been made by the court and published in the manner required, and that the time thereby fixed for creditors to present their claims to the receiver had expired before the petitioner presented his demand. This requires a determination whether by the act it was intended to exclude such creditors of the corporation as failed to present their claims within the time fixed by the order from all claim upon the assets in the hands of the receiver and distribute such assets among those creditors only who presented their claims within the time limited by the order. Upon this question there can be but little doubt. It would be absurd to suppose that the legislature intend to confer power upon the court to make an order in these proceedings excluding creditors who failed to comply therewith from all participation in the assets, and that such order should not have such effect upon creditors so failing. It is quite as manifest that the intention was to exclude those not complying, as though the statute had in express terms declared that such creditors should be excluded. Were the section under consideration the only statutory provision having a bearing upon the question, the only conclusion must be that the appellant was excluded, and his petition therefore properly denied. But it is insisted that the provisions of article 3, for the distribution of the assets, are applicable, although the proceedings in the present case were instituted under article 2. In this position I think the counsel is correct. Section 37 of the act provides that upon a final decree the court shall cause a just and fair distribution of the property of the corporation and of its proceeds to be made among its creditors, etc., who shall be paid in the same order as provided in the case of a voluntary dissolution of a corporation. The latter is provided for in article

3 of the title.   Section 42 provides that the receiver shall possess all the powers and authority conferred, and be subject to all the obligations and duties imposed by article 3 upon receivers appointed under the latter article.   These sections show that the distribution of the assets are to be regulated by the provisions of article 3 taken in connection with those of article 2 upon the same subject.   It is further insisted by the counsel for the appellants that he was entitled to the relief prayed for under section 81 of article 3.   That section, among other things, provides that every creditor who shall have neglected to exhibit his demand before the first dividend, and who shall deliver his account to the receivers before such second dividend, shall receive the sum he would have been entitled to on the first dividend before any distribution be made to the other creditors.   It is insisted by the counsel that this qualifies section 56, article 2, and secures to creditors who present their claims before the second dividend is declared the right to share in the distribution of the assets, although he may not have complied with an order made pursuant to the latter section.   I cannot concur in this position.   Such construction would render section 56, article 2, entirely nugatory, as it will be seen that by the subsequent sections of article 3 all creditors failing to present their claims before the making of the second dividend are excluded.   By this construction it will be seen that no effect whatever can be given to section 56, article 2, as under the construction contended for, no creditor can be excluded who presents his demand before the making of the second dividend, and all who do not are excluded by the subsequent sections of article 3.   The true meaning of the latter clause of section 81, article 3, is that all creditors neglecting to present their demands before the first dividend is made and who are not precluded from presenting them by section 56, article 2, may, upon presenting them before a second dividend is made, share in the distribution upon an equality with those who participated in the first dividend.   By this construction full effect is given to both sections of the statute without any conflict.   It is further

insisted by the counsel that although he may have been excluded by section 56 from receiving a *pro rata* share of the assets, yet that the court had power in its discretion to relieve him therefrom by extending the order, and that as it appears that the court did not exercise its discretion upon the subject, holding that his rights were fixed by the statute, over which the court had no discretion, and that therefore he is entitled to a reversal of the order, so that upon a rehearing the discretion of the court may be exercised. The legal inference is correct. Whenever the court of original jurisdiction is vested with discretion and refuses to exercise it, it is an error which it is the duty of the Appellate Court to correct, and if not corrected by the General Term, it will be by this court. But the rights of all parties were fixed by section 56, article 2. The appellant was thereby excluded from participation in the assets. The creditors who presented their demands acquired a vested right to have the assets distributed among them to the extent of their demands, and the court had no discretion to deprive them either partially or wholly of these rights. If wrong in this, there is nothing showing but that the General Term did exercise its discretion upon this matter in the affirmance of the order. If the Special Term erred in refusing to exercise discretion in a case where it was required so to do, it was the duty of the General Term to correct the error by making such order as the Special Term ought to have made, and this court can only interfere with the order where it appears that the General Term have failed to discharge this duty. There is nothing in the present case showing such failure by the General Term. Section 83 provides that if, after making the second dividend, any surplus shall remain, the same shall be distributed among the stockholders. This surplus obviously is a remainder after the creditors are paid in full, and as it conclusively appears in the present case that there will be no surplus, the question whether the appellant has any right to share therein does not arise. The counsel further insists that he is entitled to share in the distribution of any of the fund reserved by the receiver to satisfy

litigated claims against the corporation which shall remain after the satisfaction of such claims. Sections 82 and 84 of article 3 show that he has no such right. It may be said that the appellant's is a hard case. This is true, but it is impossible to distribute the assets of an insolvent corporation among its creditors in the absence of rules excluding such creditors as neglect to present their demands within such time as shall be prescribed for that purpose. The statute has established such rules, and all that is left to the courts is to administer them. They have no discretionary power of dispensation in cases of hardship. The order appealed from must be affirmed with costs.

ALLEN, J. Section 56 of article 2 of the Revised Statutes, entitled "Of proceedings against corporations in equity" (2 R. S., 466), was designed for the benefit of creditors, and to enable those interested to wind up the affairs of an insolvent corporation with as little delay as possible. It authorizes a proceedure complete and perfect in itself, for the ascertainment of the claims against the corporation, and a distribution of the assets among creditors. Proceedings being had under this section, resort cannot be had to other statutes for a guide and directory to the receiver. The directions of *article* 3, of the same title, which is entitled "of the voluntary dissolution of corporations," to receivers as to the time and manner of distributing the assets are inapplicable. Under section 56 the court undertakes the distribution, and declares by its judgment, the rights of claimants.

The order prescribing the time for presenting claims, and declaring the consequences of the omission to present the claims, is authorized by law and obligatory upon all. This followed by the order and judgment, the regularity and legality of which is not disputed, declaring the rights of creditors, and absolutely barring those who have not come in under the first order of their claims is final, and effectually excludes all who have not presented their claims.

The court in this case directed the first, second and final dividends of the assets, and while the court might in its discretion, have relieved the petitioner from the consequences of his laches, and permitted him to share in that part of the estate that had not been distributed, it is not the province of this court, to review the exercise of that discretion. I concur in the result, and for these reasons agree to the affirmance of the order.

All concur in the result.

FOLGER J., concurred in ALLEN's opinion.

The other judges were not understood as expressing any opinion upon the power of the court below to relieve the petitioner.

Order affirmed.