1879.] Peo. ex rel. Att. Gen. *v.* Sec. L. Ins. and Ann. Co. 267

Statement of case.

In the Matter of the People ex rel., The Attorney General *v.* The Security Life Insurance and Annuity Company.

A receiver of an insolvent life insurance company may, at any time, apply to the court for instructions in regard to any matter touching the fund placed in his custody. Especially is this so where the fund, through his error, is in danger of being unfairly distributed.

The receiver owes a like duty to all claimants upon the fund; and it is his duty, as far as possible, to see that each has an equal opportunity to enforce his claim.

A receiver of such a company obtained an order as prescribed by statute (2 R. S., 467, § 56), for publication of notice to creditors, requiring them to exhibit their claims within a time specified. Before the expiration of the time the receiver addressed a circular to policy-holders, to the effect that policies in force on the books of the company would be allowed without subjecting their holders to further proof; misled by such circular the holders of such policies did not make proof of their claims. These were objected to by other creditors, and were rejected by the referee to whom it was referred to take proof as to distribution of the assets. Whereupon, and before any dividend had been made, the receiver applied for and obtained an order giving two months further time within which such claims could be presented and established before the referee. *Held,* that the receiver was authorized in making the application; that the court had power, in its discretion, to grant it; and that the exercise of this discretion was not reviewable here.

*In re H. F. and M. Ins. Co.* (45 N. Y., 310), limited and distinguished.

The power and discretion of the court in reference to publication of notice in such case, may be exercised to the same extent as in other proceedings or actions, save that the notice must be for "not less than six months" (§ 56); and the power of the court is not exhausted by making an order.

(Argued December 9, 1879; decided December 19, 1879.)

Appeal from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term, granted on the application of Wm. H. Wickham, receiver of said The Security Life Insurance and Annuity Company, as follows:

"Ordered, that said receiver be and he hereby is authorized to notify all persons, who by the books of said company in his possession appear to have claims, not yet pre-

sented against said company, to present their claims to said receiver within two months from the date of this order; and said receiver is hereby authorized and directed to admit as against the funds in his hands as receiver, all claims which shall be satisfactorily established before him by the time specified; that all such claims be estimated and valued upon the principles laid down in the referee's report mentioned in said petition, and be placed upon the dividend list of said receiver, subject to all changes and modifications which may hereafter be made in said referee's report."

Said order was granted upon the petition of the receiver, which stated, in substance, that under an order of the court, duly granted February 26, 1877, he published a notice pursuant to the statute requiring all creditors of said company and all persons having claims of any kind against it to exhibit them to him, and to become parties to the proceeding on or before September 3, 1877, and that on failure so to do they would be precluded from all benefit of the order or decree which might be made in the proceeding, and from any distributive share of the assets under such order or decree. That said petitioner, under advice of his counsel, issued a circular to holders of policies in force at the time of his appointment, of which there were a large number, all the facts in relation to which appeared upon the books of the company, to the effect that he would assume all policies in force on the books of the company at the date of its failure were claims against the company for their reserve value, without subjecting creditors to further proof. That on December 31, 1877, upon the petitioner's application, a referee was appointed by order of the court to take proof and report, among other things, as to those entitled to participate in the fund in the hands of the receiver, and their respective shares; that upon the hearing before said referee certain creditors objected to the allowance of any claims, except on the part of those who had made formal proof of their claims; that the referee made and filed his report September 20, 1878, in which he finds that only those creditors

who had formerly made claims were entitled to share in the distribution; that said report was confirmed by order of the court February 19, 1879; and that it would be inequitable to debar from a participation those who, in reliance upon the circular, had failed to formally present their claims.

*William Barnes*, for appellants. The receiver had no right to apply to the court for an order, giving further time, for creditors to present claims. (*In re Colvin*, 3 J. Chy., 280, 303; *Comyn* v. *Smith*, 1 Hogan, 82; Kerr on Recrs. [Bispham 2 ed.], 221, 222; Edwards on Recrs., 3, 12, 22; *Tracy* v. *First Nat. Bk. of Selma*, 37 N. Y., 523; 2 Waits' Pr., 245; *Miller* v. *Elkins*, 3 L. J. [First Series], 128, 129; *Ireland* v. *Eade*, 7 Beav., 55, 56; *Parker* v. *Dunn*, 8 id., 497; *Clarke* v. *Fisher*, Sau. & Scul., 684; *Duke of Dorset* v. *Crosbie*, id., 683; *Evans* v. *Taylor*, id., 681; *Earl of Kilkenny*, 7 Irish Eq., 591; *In re Harmony F. and M. Ins. Co.*, 45 N. Y., 310, 315, 316, 317; 9 Abb. Pr. [N. S.] 349, 358.) When the time to appeal is fixed by statute the court cannot lawfully extend the statute time. (*Salles* v. *Bartler*, 27 N. Y., 638; Wait's Old Code, 648, 652, notes, [c.]; *Wait* v. *Van Allen*, 22 N. Y., 321; *Jackson* v. *Wiseburn*, 5 Wend., 136.)

*Hamilton Cole*, for respondents. The court had power to grant the receiver's application. (*N. Y. Ice Co.* v. *N. W. Ins. Co.*, 23 N. Y., 361; *Buckingham* v. *Dickinson*, 54 id., 682.) General receivers have a standing in court to protect the rights of those whom they represent, and they may defend one class of claimants against another. (71 N. Y., 222.)

Danforth, J. This case has lately been before us, but on this appeal presents a new question. It was then decided that the referee did not err in rejecting certain claims upon the ground that they had not been presented within the time limited by an order made by the Supreme Court on the 26th day of February, 1877, to the effect that notice should be

published requiring all persons having claims of any kind against the above named company to exhibit them to the receiver and become parties to the proceeding within six months from the time of the first publication of the order. (78 N. Y., 116.) But upon this point nothing more was decided. The order gave the referee jurisdiction, and by its terms, claims not presented within the time specified were precluded from any benefit under those proceedings. The order was a guide to the referee and he was bound by it. But a very different question is now before us. It appears that after obtaining the order referred to and before the expiration of the time thereby limited, the receiver addressed a circular to a large number of policy-holders, saying in substance that policies in force on the books of the company were claims against it for their reserve value and would be allowed without subjecting their holders to the expense of further proof. Misled by this notice the creditors did not make formal proof of claims answering the above description,— and when brought forward they were objected to by certain creditors and are the ones rejected by the referee. The receiver thereafter applied by petition to the Supreme Court, stating these facts, and on the 2d day of May, 1879, obtained an order giving two months further time within which such claims could be presented and established before the referee. This order has been affirmed by the General Term. The appellants in this court are policy-holders whose claims were presented to the referee and allowed under the order of February above referred to. The learned counsel for the appellants contends that the receiver has no standing in court, that he can be heard only as to " his fees and compensation " and had no right to be heard upon the motion which resulted in the order appealed from ; and, *second*, that the court itself had no power to grant the order. Upon both questions we think he is in error. Since the receiver is an officer, or, as he is sometimes called, " the hand "— of the court, it would be singular if he could not at any time go to it with his complaint or for instructions in regard to any mat-

ter touching the fund placed in his custody, and more especially when, as in the case before us, it is in danger, through his own error, of being unfairly distributed.  He is not to advocate the cause of one claimant as against another, — between them he is indifferent, owing a like duty to all, — and for that very reason should as far as possible, see to it that each has an equal opportunity to enforce his claim.  He stands as their representative and is bound to give them reasonable aid. (*Gillett* v. *Moody*, 3 Com., 488; *People ex rel.* v. *Security Life Ins. Co.*, 71 N. Y., 222.)  Next, as to the power of the Supreme Court over the proceeding in question.  The proceeding is in equity under the provisions of the statute (2 R. S., p. 462, tit. 4, art. 2, part III, chap. VIII), and, so far as the point before us is concerned, under section 56, page 466.  This section obviates the necessity of separate suits and prescribes a short method of obtaining the benefit of a decree for all the creditors, so far as it relates to the corporate property and effects (*Judson* v. *The Rossie Galena Company and others*, 9 Paige, 598), and the power of the court over the proceeding is the same as it would be over a final decree obtained in a creditor's suit commenced for the benefit of all parties.  In such a case it is well settled that a creditor, upon a proper case made by petition, may be permitted to come in and prove his debt at any time while the fund or any part thereof is under the control of the court, notwithstanding the time limited by the master for the creditors to come in and prove their debts had expired (*Brooks* v. *Gibbons*, 4 Paige, 374), or, as is elsewhere said, " the neglect or omission of one will not preclude his right to be afterwards let in, provided the other creditors are placed in no worse condition than if all had come in at the same time " (*Pratt* v. *Rathbone*, 7 Paige, 269; *Warner* v. *Hoffman*, 4 Edwards' Ch'y R., 393), and the same rule has been applied in proceedings against corporations.  (*Judson* v. *The Rossie Galena Co.*, 9 Paige, 598; *Matter of the City Bank of Buffalo*, 10 id., 378.)  The case before us is within both conditions.  No dividend has been made.

Nor is the power of the court limited by statute except in one particular. The propriety or necessity of the order is to be determined by the court; it may direct the manner of its publication,—the time within which the creditors may come in may be prescribed by the court. It must be a reasonable time ; but, — and this is the only statutory command, — it must be " not less than six months." It may be more. (§ 56, *ante.*) In all else the judgment and discretion of the court may be exercised, to the same extent as in other proceedings or actions. Subject therefore to this limitation, the time within which demands shall be presented is prescribed by the court, and the case is unlike that of an appeal, to which the learned counsel for the appellant refers, where the time within which it must be taken is fixed by statute, and that the court cannot extend it, is well settled. (*Salles* v. *Butler*, 27 N. Y., 638; *Wait* v. *Van Allen*, 22 id., 321.) But in the case before us the power is given to the court, and it was not exhausted by the making of the first order. A longer time might have been given by that order, or upon cause shown the time therein specified could have been extended, or it having expired, it would have been a matter of course to relieve a creditor from default upon sufficient cause shown. This would follow from the control which the court has over its own orders and judgments. The case of the *Harmony F. and M. Ins. Co.* (45 N. Y., 310), is not to the contrary. There the Supreme Court had denied an application similar to the one now under review and arising in like proceedings, under the same statute. Upon appeal to this court, GROVER, J., was of the opinion that the court below had no power to grant the relief sought for, or extend the time specified in the order ; but also, if it had, that it was a power to be exercised at its discretion. Judge ALLEN was of the opinion that the Supreme Court had the power but that its exercise was discretionary and not subject to review in this court. FOLGER, J., concurred in Judge ALLEN's opinion, and the other judges expressed no opinion upon the question of the power of the Supreme

Court to grant the relief sought. That decision therefore may well stand upon the reasons assigned in the opinion of Judge ALLEN, and the second ground stated by Judge GROVER, in which all the members of the court seem to have concurred. We are of the opinion that the matter rested in the discretion of the Supreme Court, that this appeal is not well taken and should be dismissed, with costs.

All concur.

Appeal dismissed.