HENRY W. BULL

*v.*

INTERNATIONAL POWER COMPANY.

[Decided July 17th, 1916.]

1. A receiver, being an officer of the court, and at all times subject to its direction and orders, may on suitable occasions, when confronted with questions of intricacy or difficulty, apply to the court for instructions and advice with reference to the discharge of his duties.

2. A receiver represents all interests, and, under the direction of the court, manages the property for the benefit of all concerned.

3. When a corporation of this state is in the hands of a domestic receiver, but has assets in the State of New York, in which jurisdiction a receiver has been appointed for the benefit of creditors residing in that state, and its court, as matter of comity, directs its receiver to give the receiver in this state a proxy to vote the capital stock in a New York corporation for directors of that concern, which capital stock is owned by the insolvent New Jersey corporation, comity requires of this court a direction to its receiver to give minority representation on the board of directors of the New York corporation in the interest of New York creditors and stockholders of the insolvent New Jersey corporation.

On application by domestic receiver for instructions of the court.

*Messrs. Vroom, Dickinson & Bodine,* for Mr. Wilbur F. Sadler, Jr., the New Jersey receiver.

*Mr. John E. Donnelly* (of the New York bar), for Mr. Charles H. Ridder, the New York receiver.

WALKER, CHANCELLOR.

On December 11th, 1914, General Wilbur F. Sadler, Jr., was appointed by this court receiver for the International Power Company, a domestic corporation, having assets in the State of New York. Later, Mr. Charles H. Ridder, of New York, was

appointed by the supreme court of that state, in appropriate proceedings, receiver of the property of the defendant therein. From the time of the appointment of the New York receiver difficulties arose as to jurisdictional questions between the New York receiver and the New Jersey receiver, the principal subject of controversy being the voting rights upon some seventy-one thousand three hundred and sixty-six shares, a majority of the stock of the American and British Manufacturing Company, owned by the defendant, which shares were transferred on the books of that company to the name of the New York receiver. The final result of the disputes referred to was, that on June 16th last, the appellate division of the supreme court of the State of New York granted an order making Receiver Sadler a party to the proceeding instituted in that state and instructing Mr. Ridder, the receiver appointed in New York, to give General Sadler a proxy to vote for the directors of that company, the stock of the American and British Manufacturing Company held by him, Mr. Ridder, as New York receiver.

A meeting for the election of directors for the American and British Manufacturing Company is pending, and General Sadler has applied to this court for instructions as to whom he should vote for for directors of the last-named company. Five are to be elected. The receiver has named five gentlemen of apparently high standing, integrity and business capacity, including the complainant, Mr. Bull, as persons well qualified to become directors of the American and British Manufacturing Company. This application was very properly made on notice to the New York receiver.

The appellate division of the New York supreme court, in its opinion holding that the New Jersey receiver should have the power to vote the stock of the American and British Manufacturing Company, observed:

"By the rule of comity adopted every power should be given to the domiciliary receiver, subject to instructions from the chancery court of that state, except such power as is necessary for the protection of the New York creditors." * * *

"Affidavits are presented for and against the advisability of the continuation of the present directors. To my mind, how-

ever, that question is one which should be left to the domiciliary receiver, under the direction of the domiciliary court, and our courts, looking only to the securing of New York creditors their fair share in the distribution, should not take upon themselves the responsibility of such determination. It will not be presumed that the management is to be so far changed as will interfere with present contracts, or as in any way to obstruct the progress of the work. The good·faith and competency of the domiciliary receiver will not here be questioned."

The questions presented for determination are—*first*, should the receiver be given directions as to his duty in the premises, and *second*, if so, what directions should be given?

It appears that a receiver has a very wide latitude in the matter of asking advice and seeking the protection of the court appointing him with reference to the discharge of his duties.

In *Cammack* v. *Johnson*, *2 N. J. Eq. 163*, it was held:

"Receivers, being officers of the court, are at all times entitled to, and must receive, its advice and protection."

Of course, an application for directions upon unimportant matters would be discountenanced, and, I may say, that such applications are rarely, if ever, made. When confronted with questions of intricacy and difficulty, they may always with propriety be made.

In *High Rec. (4th ed.)* *216* § *188*, it is laid down:

·"A receiver being always regarded as an officer of the court, and at all times subject to its direction and orders, it is proper, in the discharge of his duties, that he should on suitable occasions apply to the court for instructions and advice; and he is at all times entitled to such advice from the court, and should not hesitate to apply for it when questions of intricacy or difficulty occur. Such an application may be made *ex parte*, although it is deemed the better practice to give notice to all parties in interest in the estate or fund. And a receiver acts at his peril where he assumes to determine as between different claimants to the fund in his possession without seeking the advice of the court."

It may be said that the question as to who the receiver should vote for as directors of the American and British Manufacturing Company is neither one of intricacy nor difficulty. It may be postulated that it is not one of intricacy, and, I may say,

that it presents little, if anything, in the way of difficulty. And where there is neither intricacy nor difficulty, there is, I take it, no *suitable occasion* for application to the court. The question here is simply one of sound business judgment on the part of the receiver. And if it were not for the fact that the New York court in its opinion very pointedly suggests that the New Jersey receiver should be permitted to vote the stock subject to the instructions of this court, I would be inclined to hold that the receiver should exercise his best judgment, and that he did not need the direction of the court as to the gentleman whom he should select. However, as the New York court has extended the power to the New Jersey receiver by the rule of comity which prevails between the courts of different states, where there is a conflict of laws, and has at the same time invoked the rule of comity by this court in seemingly limiting the domestic receiver's power to be subject to the instructions of this court, I should, I think, return comity for comity.

The New York receiver, responding to the motion for directions, has applied to me to instruct the New Jersey receiver to vote for him, Mr. Ridder, as one of the directors to be chosen, so that he, while representing all parties in interest generally, may, in particular, represent the interests of the New York creditors, for whom he is acting as receiver.

In *Weeks* v. *Weeks, 106 N. Y. 626* (at *p. 631*), it was held:

"The receiver is the officer of the court. In virtue of its general jurisdiction, the court in a proper case assumes for the time being the care and custody of the property. The receiver represents all interests, and under the direction of the court manages the property for the benefit of all concerned."

In *People, ex rel. Attorney-General,* v. *Security Life Insurance Co., 79 N. Y. 267* (at *p. 270*), it was held:

"Since the receiver is an officer, or, as he is sometimes called, 'the hand' of the court, it would be singular if he could not at any time go to it with his complaint or for instructions in regard to any matter touching the fund placed in his custody. * * * He is not to advocate the cause of one claimant against another—between them he is indifferent, owing a like duty to all

—and for that reason should, as far as possible, see to it that each has an equal opportunity to enforce his claim. He stands as their representative and is bound to give them reasonable aid."

The principle enunciated in these two cases (*Weeks* v. *Weeks* and *People, ex rel. Attorney-General,* v. *Security Life Insurance Co.*) is one of universal application. There are conflicting interests in the case at bar, and there has been sharp litigation concerning them in the courts of New Jersey and New York. It would be singular, indeed, if an impartial court did not, in these circumstances, direct its receiver to give minority representation in the board of directors.

In the brief handed in on behalf of the New York receiver, it is said that he is a stockholder of record of the American and British Manufacturing Company, and yet this fact is not stated in his affidavit submitted on the motion. In the brief it is also said that under the laws of New York a stockholder of record is eligible to qualify as a director. The American and British Manufacturing Company is a corporation organized under the laws of New York, and I take it that eligibility for directorship must be governed by the laws of that state.

I am clearly of opinion that I ought to direct the receiver to give the New York stockholders representation on the board, and, to that end, those stockholders may select the name of a director for whom the New Jersey receiver will be instructed to vote. He may select any four of the five gentlemen named in his petition who, together with the director named by the New York stockholders, will make the full complement of five to be elected, and for whom the New Jersey receiver will be authorized and directed to vote. The parties may apply for further directions if occasion shall require.