In the Matter of the Application of Lee Hoyn Ton.

Supreme Court, New York County, December 28, 1933.

*Robert Ratner,* for the petitioner.

*Curtin & Glynn,* for the Superintendent of Banks of the State of New York.

Collins, J.   Lee Hoyn Ton applies for permission to file his proof of claim against the Chinese Merchants Bank, Ltd. (now in liquidation), with the Superintendent of Banks, *nunc pro tunc.*

On March 21, 1924, Lee Hoyn Ton, then a resident of New York, delivered to the local branch of the Chinese Merchants Bank, Ltd., the sum of $5,070, for which the bank issued to him two six-month interest-bearing certificates for $2,535 each.

On June 13, 1924, the Superintendent of Banks took possession of the branch and proceeded to liquidate its affairs.   The liquidation process has not yet been consummated.

The Superintendent advertised for claims, requiring their presentation in writing on or before January 23, 1925.   By the time the New York agency was taken over by the Superintendent, Lee Hoyn Ton had removed to Chicago.   Reading of the bank's failure in a Chinese newspaper, he requested his cousin, Lee Du, to take such steps as were necessary to protect his (Lee Hoyn Ton's) interests.   Lee Du, ignorant of such matters, filed a sworn proof of claim, accompanied by the two deposit receipts, with the Superintendent, within the above-mentioned period stipulated for the filing of claims.   But the proof of claim was not in proper form; Lee Du filed it as if he (Lee Du) were the owner of the receipts, though the receipts themselves negatived such ownership.

The Superintendent rejected the claim on March 20, 1925, notifying Lee Du of the rejection, but Lee Du neglected the matter and never apprised his cousin of the disposition of the claim.   Several years later, Lee Hoyn Ton, unfamiliar with the English language and alien to our customs and institutions, first learned about it, and since then has been endeavoring to obtain recognition and allowance of his claim.   Failing to get the claim accepted, he instituted this proceeding.

The Superintendent opposes the application on two grounds, *first,* that the maturity date of the certificates was September 21, 1924, and that since no action was commenced within six years, the " claim is outlawed and unenforcible." and *second,* that since the

claim is barred, the court is without power to allow the filing of the claim *nunc pro tunc.*

The statute empowering the Superintendent to take possession of foreign banks was enacted in 1930. (Banking Law, § 57-a.) When this bank was taken over the law was not in existence. So that it is at least doubtful whether section 72 of the Banking Law, regulating the filing of claims, is applicable.

In any event, it seems to me that the position of the Superintendent with respect to this bank is akin to that of a receiver. Consequently, " In such a case, it is well settled that a creditor, upon a proper case made by petition, may be permitted to come in and prove his debt at any time while the fund or any part thereof is under the control of the court, notwithstanding the time limited by the master for the creditors to come in and prove their debts had expired. (*Brooks* v. *Gibbons,* 4 Paige, 374.) " (*People ex rel. Attorney-General* v. *Security Life Ins. Co.,* 79 N. Y. 267.)

That there are exceptions to the general rule that the appointment of a receiver does not suspend the running of the statute against an action on a debt due from an insolvent, finds authority in *Kirkpatrick* v. *McElroy* (41 N. J. Eq. 539) where it was said: " As a general rule the mere appointment of a receiver to take charge of property in dispute will not suspend the operation of the statute (*Anon.,* 2 Atk. 15) nor will it interrupt the possession of a stranger so as to prevent the statute conferring title on him, or suspend the running of the statute against a stranger. *Harrisson* v. *Dingnan,* 2 Dru. & War. 295; Kerr on Receivers, 172. But where the receiver is appointed to take charge of an estate for the purpose of administering it, as, for instance, the settlement of the affairs of a partnership and the payment of firm debts, the suit being substantially for the benefit of all the creditors, in analogy with an ordinary creditor's bill, the appointment of a receiver with such powers will suspend the running of the statute (*Sterndale* v. *Hankinson,* 1 Sim. 393, 398; *Wrixon* v. *Vize,* 3 Dru. & War. 104); and the lapse of time before proceeding against the receiver in the court by which he was appointed will be regarded only on the question whether the creditor has been guilty of laches in delaying the prosecution of his demand."

*Kirkpatrick* v. *McElroy* was cited and approved by our own Court of Appeals in *Ludington* v. *Thompson* (153 N. Y. 499). There it was sought to recover on notes of a corporation which had become insolvent and for which a receiver was appointed. Commenting on the receiver's plea of the Statute of Limitations, the court appropriately said: " The defendant, as we have said, is a trustee appointed by the court for the administration of the property of

the corporation for the benefit of all its creditors, including the plaintiff, and the authorities are decisive that the statute does not run in favor of the trustee against claims not barred at the time of the appointment so long as the trust is open and continuing and has not been repudiated or denied. (*Lammer* v. *Stoddard*, 103 N. Y. 672; *Zebley* v. *F. L. & T. Co.*, 139 id. 461.) * * *

" The cases arising in bankruptcy or under the insolvent laws of a state are numerous to the effect that from the time of the institution of the proceedings and the appointment of an assignee or trustee in bankruptcy or insolvency, the running of the statute is suspended as to claims not then barred, and that the assignee or trustee cannot resist payment because more than the statutory period for bringing an action on the claim has elapsed before payment was demanded. (*Ex parte Ross*, 2 Glyn & Jameson, 46, 330; *Minot* v. *Thacher*, 7 Met. 348; *Parker* v. *Sanborn*, 7 Gray, 191; *Von Sachs* v. *Kretz*, 72 N. Y. 548, 556; *In re Leiman*, 32 Md. 225.) The case of the appointment of a receiver for the final winding up of the estate of a dissolved corporation is plainly within the reason upon which the authorities cited proceed. (See *Kirkpatrick* v. *McElroy*, 41 N. J. Eq. 555.) "

If the maxim " where there is a right there is a remedy " is to be more than a phrase, there must be a remedy for this petitioner. The bank received his cash and none of it has been repaid. He did what he thought was requisite. The petitioner's cousin and agent presented the claim in due time. The Superintendent had ample notice thereof. The claim was rejected because of its form; only a technical imperfection affected it. It should have been re-presented in different form, but it was not. Certainly had the real facts been properly presented in all probability the claim would, if otherwise found to be valid, have been allowed.

The Statute of Limitations is both salutary and necessary. But it should not be permitted to operate oppressively if such result can, in justice to other interested parties, be averted. Manifestly no harm or injustice would be done any one here by according the statute an elastic construction. Liquidation has not been completed; the Superintendent is still in control. Of course a proper administration of justice requires orderly and definitive procedure.

A substantial but reasonable adherence to form and precedent must be exacted. But form must not be allowed to levy an unconscionable tax upon substance. I cannot perceive that the Statute of Limitations will suffer in prestige or authority if this claim, admittedly filed within the required time, will be permitted to be amended to square with the actualities. The legal proprieties will not be strained or offended by sanctioning this just thing.

The application is granted to the extent of allowing the petitioner to amend the claim heretofore filed by Lee Du and rejected by the Superintendent, so as to reveal the true facts concerning the ownership of the certificates, and directing the Superintendent to reconsider the claim on the merits.